### 31836. SMITH v. THE STATE.

PER CURIAM.

The appellant was convicted for having committed the crime of murder, he was sentenced to life imprisonment, and he has appealed. We affirm the judgment rendered below.

1. Appellant's first contention is that the trial court committed error in denying his motion for a new trial on the general grounds. We have reviewed the transcript, and the evidence adequately supports the verdict rendered by the jury.

2. Appellant's second contention is that the trial court committed error in allowing jury consideration of pre-trial statements, including a taped statement, made by appellant. Appellant's primary contention on this issue is that these statements were not freely and voluntarily given in that, though he was advised that he was entitled to a court-appointed attorney, he did not know and was not advised that he would not have to pay the appointed attorney himself. The transcript of appellant's testimony simply does not substantiate this contention. Furthermore, we can find no fault with the trial judge's determination to submit the taped statement to the jury with certain deletions, and we find no fault with the trial judge's charge to the jury with respect to its consideration or non-consideration of the statements made by appellant and submitted to the jury.

The appellant himself testified that his taped statement was the truth and that it was freely and voluntarily given.

3. The appellant contends that the trial court committed error in admitting testimony of appellant's involvement in another offense committed on the same date as the offense for which he was being tried. The

transcript shows that the trial judge first heard this evidence outside of the presence of the jury and concluded that it should be submitted to the jury for the limited purpose of identifying the appellant, the pistol that he had in his possession, and the pick-up truck that he was driving. The trial judge properly instructed the jury as to its consideration of this evidence, and we find no error.

4. Appellant's last contention is that the trial court erred in instructing the jury that the defendant had the burden of proving justification for the commission of the homicide.

Excerpts from the court's charge to the jury on this point were: (a) "With these principles in mind, and always remembering that the burden is on the State to prove the guilt of the defendant beyond a reasonable doubt, I will now instruct you regarding the specific charges against the defendant, that of murder and of felony murder." (b) "It will be noted that malice is an essential element of the offense of murder and the burden is on the State to show malice under these rules beyond a reasonable doubt." (c) "I charge you that when there is direct evidence to show an intentional killing by the defendant the law presumes the homicide to be malicious unless the contrary appears from the circumstances of alleviation, excuse, or justification. It is incumbent on the defendant to make out such circumstances to the satisfaction of the jury unless they appear from the evidence produced against him. If the State proves that the defendant killed the person named in the indictment in this county by the use of a deadly weapon in a manner likely to produce death, then the killing is presumed to be intentional and malicious unless circumstances of alleviation, excuse, accident or justification appear to your satisfaction from the evidence." (d) "Whether the defendant killed the deceased, and if he did, such killing was intentional and malicious are matters for you to determine from all the facts and circumstances."

We hold that this charge of the court in this case did not have the effect of instructing the jury that the defendant, the appellant here, had the burden of proving that the homicide was justified.

We find no error.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur. Ingram, J., dissents.*

SUBMITTED JANUARY 3, 1977 — DECIDED APRIL 5, 1977.

*Myers, Parks & Fennessy, John R. Parks,* for appellant.

*Claude N. Morris, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.