33483. WATTERS v. THE STATE.

PER CURIAM.

The appellant was convicted of murdering his brother-in-law by shooting him twice with a .22 caliber pistol, and sentenced to life. The evidence was overwhelming.

After filing a notice of appeal, appellant's counsel failed to file an enumeration of errors within the time provided by the rules of this court. Counsel was ordered to file an enumeration, and did so.

1. The trial court gave a proper charge on circumstantial evidence.

2. After a hearing out of the presence of the jury, the court found that appellant's statement to the police was freely and voluntarily made after he was fully informed of his rights. Appellant complains that the court thereafter charged the jury that they could not consider the statement unless they found that the statement was freely and voluntarily made after he was warned of his constitutional rights, because in giving this instruction the court failed to state that one of those rights was the right to stop answering questions at any time even if he chose to start answering any questions. No charge on these principles was required. *Jackson v. State,* 239 Ga. 449, 450 (238 SE2d 31) (1977). The charge given was favorable to the accused, and the failure to give an even more favorable charge where none was required is not

error.

3. The failure to charge without request on the lesser included offense of involuntary manslaughter was not error. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 14, 1978 — DECIDED MAY 2, 1978.

*Ben Lancaster,* for appellant.

*Charles Crawford, District Attorney, J. Gene Greene, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

