42090. WHITE v. THE STATE.
(336 SE2d 777)

SMITH, Justice.

The appellant, Mildred Ioane White, and her son James Edward "Bo" Flynn were indicted for the murder and armed robbery of Hiram Nathan Wilson. A Cobb County jury found them guilty and they each received two life sentences. Her motion for new trial was denied, and she filed her appeal. We affirm.[1]

---

[1] The crimes were committed on April 1, 1977. The Cobb County jury returned its ver-

The Cobb County Fire Department answered a call involving a burning vehicle at approximately 4:30 a.m. on April 1, 1977. Firemen found a body, burned beyond recognition, in the front seat of the vehicle. The investigation showed that gasoline was used to start the fire. Papers in the vehicle bore the name of the victim, Hiram Wilson, but there was no wallet or identification on the body. Family members identified the vehicle as belonging to Wilson, and later his identity was confirmed through dental records. There was testimony that one day before his death, the victim had approximately $10,000 in cash in an envelope, and that earlier in the week he had been seen flashing large amounts of money. He allowed Flynn to count his money and he gave him a hundred dollar bill to purchase a package of cigarettes. The medical testimony showed that the victim had been shot once in the head with a .22 caliber weapon, and that the path of the bullet was consistent with someone shooting him from outside his vehicle while he was sitting in the vehicle. The medical testimony also indicated that the victim was in the last phases of dying as the vehicle burned.

The appellant was questioned on April 1, 2, and 3, 1977. Flynn and a co-conspirator, Gene Huddleston, fled the state at approximately 5:30 a.m. on April 1, 1977, but they were later captured in Texas and returned to Georgia for questioning. The appellant was arrested on April 13, 1977, but she was not indicted. Sometime in 1982, Huddleston, who was serving time in an Indiana prison on charges unrelated to the victim's death, contacted the Cobb County District Attorney with information regarding the crime. Huddleston was granted immunity for his testimony, and the appellant and Flynn were indicted in 1983. At the trial both the appellant and Flynn denied any involvement in the shooting, robbery, or the burning of the vehicle and the victim.

1. The appellant asserts the general grounds in her first three enumerations of error and contends that at the most the evidence showed that she, Flynn, and Huddleston conspired to rob the victim and that there was no conspiracy to murder him.

" 'All of the participants in a plan to rob are criminally responsible for the acts of each, committed in the execution of the plan, and which may be said to be a probable consequence of the unlawful design, even though the particular act may not have actually been a part of the plan.' " *Carter v. State*, 252 Ga. 502, 503 (315 SE2d 646) (1984) and cit. Although there was evidence that the original conspiracy may

dict of guilty on November 10, 1983. A motion for new trial was filed on December 7, 1983, and denied on February 4, 1985. The transcript of the evidence was filed on January 12, 1984. Notice of appeal was filed February 12, 1985. The record was docketed in this Court on March 7, 1985. The case was argued before this Court on May 7, 1985.

have been limited to robbery, the jury heard testimony that Flynn had said that he intended to rob the victim and kill him if necessary. Huddleston testified that during the day, Flynn had clipped some .22 caliber rifle bullets so that they would fit into a pistol, and that night as he and Flynn were waiting for the appellant to bring the victim home so that they could rob him, Flynn syphoned gasoline into a container. Huddleston testified that he fell asleep while waiting and was awakened by the appellant yelling "Get out there. They're arguing." When he got to the scene he saw Flynn standing outside of the victim's car. He saw a flash, heard a shot, and saw the victim slump over the steering wheel. The victim was breathing when Huddleston held the vehicle's interior light button so that the neighbors could not see the appellant and Flynn remove the victim's rings, watch and wallet. Flynn then pulled the victim over to the passenger side of the vehicle and drove the vehicle to the spot where it was found burning. The appellant and Huddleston followed in the appellant's vehicle and they all went to the appellant's mother's home where the appellant took approximately $900 as her share of the approximately $2,400 they removed from the victim's wallet. Flynn and Huddleston then fled the state. The evidence presented at trial was sufficient to authorize a rational trier of fact to find that the appellant was guilty beyond a reasonable doubt of murder and armed robbery. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts that the court erred in admitting three out-of-court statements that she contends were not freely and voluntarily made.

Prior to the trial, the trial judge conducted a lengthy *Jackson-Denno* hearing to determine whether the statements the appellant made were freely and voluntarily made. The state produced three signed *Miranda* and waiver of rights forms along with the three transcribed statements. The appellant admitted that she signed the *Miranda* and waiver of rights form prior to questioning, but she asserted that her rights had not been explained to her, that she was in custody during the interviews, and that the police used trickery and coercion to obtain her statements. The police officers testified that she was given all of her rights, that she seemed to understand them, that she was not under arrest, that she was not in custody, and that she was free to leave when she wished. The third statement was given at her request, she read the transcript, made changes in it, initialed each page and signed it. The trial judge resolved the factual and credibility issues in favor of the police and held that the statements were admissible, *Lego v. Twomey,* 404 U. S. 477, 480 (92 SC 619, 30 LE2d 618) (1972), and his "findings as to factual determinations and credibility relating to the admissibility . . . will be upheld on appeal [unless they are clearly erroneous]." *Spence v. State,* 252 Ga. 338, 341 (313 SE2d

475) (1984). After a review of the *Jackson-Denno* transcript, in light of all the circumstances surrounding the appellant's statement, we find that there was sufficient evidence to support the trial court's decision.

3. The appellant asserts that the trial court erred in admitting transcripts of the appellant's tape-recorded statements in violation of the best evidence and hearsay rules of evidence, and by allowing the district attorney to take part in reading them into evidence. We find no error. These objections, relating to reasons the appellant contends the evidence was inadmissible, were not asserted in the trial court and we will not consider them for the first time on appeal. *Brooker v. State*, 164 Ga. App. 775, 778 (298 SE2d 48) (1982).

4. The appellant asserts that her due process rights were violated by the prosecution's loss or destruction of the tapes in that it denied her exculpatory or mitigating evidence under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

"Brady applies to 'the discovery, after trial, of information which had been known to the prosecution but unknown to the defense.' *United States v. Agurs*, 427 U. S. 97, 103 (96 SC 2392, 49 LE2d 342) (1976). Here appellant's own statements [as tape recorded] were the subject of [her] *Brady* motion. Thus, this was not information unknown to the defense and subject to discovery under *Brady*." *Baker v. State*, 245 Ga. 657, 661 (266 SE2d 477) (1980); *Gilreath v. State*, 247 Ga. 814, 827 (279 SE2d 650) (1981), cert. denied, 456 U.S. 984 (102 SC 2258, 72 LE2d 862) (1982).

5. The appellant asserts that the trial court erred in denying her motion to dismiss her indictment as two public officials were serving on the Grand Jury that indicted her.

We held in *Ingram v. State*, 253 Ga. 622, 625 (323 SE2d 801) (1984), that Mack Henderson did not hold an elective office and that he was not incompetent to serve as a grand juror. Likewise, Melodie Clayton who was appointed by the Mayor with City Council approval was not an elected official as defined by *Ingram*, supra; thus she was not incompetent to serve.

6. The appellant asserts that the court erred in denying her motion for a mistrial after a police officer indicated that the appellant had taken a polygraph examination.

"[T]he mere fact that the jury is apprised that a lie detector test was taken is not necessarily prejudicial *if* no inference as to the result is raised. . . ." (Emphasis in original.) *Stack v. State*, 234 Ga. 19, 23 (214 SE2d 514) (1975). No inference as to the result was raised.

7. The appellant asserts that the court erred in allowing a police officer to testify that the appellant invoked her right to an attorney when she was asked to sign the first two interviews.

The general objection of appellant's counsel was sustained, and

he asked for no other relief, thus he is left with nothing "to complain about on appeal as he asked for no further relief." *Johnson v. State*, 170 Ga. App. 433, 437 (317 SE2d 213) (1984).

8. The appellant contends that the trial court erred in denying her motion for a directed verdict of not guilty as she contends the testimony of the accomplice Huddleston was not corroborated.

" 'The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that [she] is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt.' [Cits.]" *Slocum v State*, 230 Ga. 762, 764 (199 SE2d 202) (1973). The sufficiency of the corroborating evidence is a matter for the jury to decide, *Stanford v. State*, 157 Ga. App. 633, 634 (278 SE2d 175) (1981), and "[s]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. [Cit.]" *Reaves v. State*, 242 Ga. 542, 543 (250 SE2d 376) (1978). The jury in this case heard testimony that Flynn stated that he intended to rob and if necessary to kill the victim; that a friend overheard the appellant tell her mother that the victim carried a large amount of money with him; that Flynn and Huddleston drove her to the lounge the night she met the victim prior to his death; that the appellant and the victim were together approximately two hours before his body was discovered; that the appellant or her mother told the appellant's nephew, Pete Gault, that the victim was dead approximately five hours before the news of the death was made public; that the appellant made substantial cash purchases the day of the victim's death; that on the way to the police station the appellant told her nephew, Pete Gault, and her brother, Cecil Lanning, to keep the heat off Huddleston; and that the appellant's niece, Pamela Gault, who drove the appellant to the police station for questioning, was handed a wallet that bore the appellant's deceased son's name in which there were five one hundred dollar bills. There was sufficient corroboration.

9. The appellant asserts that the trial court erred in denying her motion for a mistrial when a spectator cried out during the trial.

When the spectator began to sob, the trial judge immediately ordered her out of the courtroom. Before she could be removed, she cried out, "I hope they burn both of you." In light of the prompt reaction by the trial judge to have the spectator removed, her immediate removal, the instructions to the jury, and the questioning of the jury we find that this single outburst did not deny the appellant a fair and impartial trial. *Sheppard v. State*, 235 Ga. 89, 91 (218 SE2d 830) (1975).

10. The appellant contends that the trial court erred in failing to merge the conviction of armed robbery into the conviction of malice murder.

"[A]rmed robbery is *not* a lesser included offense of malice murder when a rational trier of fact could find, beyond a reasonable doubt, that the defendant was a party to *both* the armed robbery *and* his co-defendant's murder of the victim, . . ." (Emphasis in original.) *Hoerner v. State*, 246 Ga. 374 (271 SE2d 458) (1980).

After the victim was shot, the appellant helped Flynn remove the victim's rings, wallet and watch and also assisted Flynn in taking the victim's vehicle to the place it was ignited with gasoline while the victim was in the last phase of dying. The evidence negates any effort on her part to "abandon ship" after the victim was shot and a rational trier of fact could find, beyond a reasonable doubt, that the appellant was a party to both the armed robbery and the murder.

11. The appellant contends that the court erred in charging the jury on malice in that it unconstitutionally shifted the burden of proof to the appellant.

The court's instruction on malice, see OCGA § 16-5-1 (b), was not burden-shifting. *Franklin v. State*, 245 Ga. 141, 155, 156 (263 SE2d 666) (1980), cert. denied, 447 U. S. 930 (100 SC 3029, 65 LE2d 1124) (1980).

12. The appellant contends that the court erred in failing to instruct the jury that in determining the voluntariness of the out-of-court statements that the jury should determine whether or not the appellant was advised that she had the right to stop answering questions.

"The charge given was favorable to the accused, and the failure to give an even more favorable charge where none was required is not error." *Watters v. State*, 241 Ga. 307 (245 SE2d 281) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 27, 1985.

*Roland R. Castellanos, Robert W. Shurtz*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Staff Assistant Attorney General, for appellee.