## 42701. FLYNN v. THE STATE.
(339 SE2d 259)

SMITH, Justice.

The appellant, James Edward "Bo" Flynn, and his mother, Mildred Ioane White, were convicted of armed robbery and murder, and they both received two consecutive life sentences.[1] Her conviction was

---

[1] The crimes were committed on April 1, 1977. The Cobb County jury returned its verdict of guilty on November 10, 1983. A motion for new trial was filed on December 7, 1983, and an amended motion for new trial was filed on April 15, 1985, and denied on August 14, 1985. The transcript of the evidence was filed on January 12, 1984. Notice of appeal was filed on September 9, 1985. The record was docketed in this Court on March 7, 1985. The case was argued before this Court on November 13, 1985.

affirmed in *White v. State*, 255 Ga. 210 (336 SE2d 777) (1985), and the facts of the case may be found there. The appellant asserts nineteen errors on appeal, but finding none reversible we affirm.

The appellant and White denied any involvement in the crimes, but Gene Huddleston, a co-conspirator who was granted immunity for his testimony, testified that the three of them planned to rob the victim, Hiram Nathan Wilson. The evidence showed that the appellant shot Wilson while Wilson was sitting in his vehicle at White's home. With the aid of the others, the appellant removed the victim's watch, rings, and wallet, and then drove the victim's vehicle away from White's home.

Wilson was still alive when his vehicle was doused with gasoline and set on fire. Approximately two hours after Wilson was last seen alive with White, his body, burned beyond recognition, was found in his vehicle.

1. The appellant asserts the general grounds in enumerations one, two, and nineteen.

The evidence presented at trial was sufficient to authorize a rational trier of fact to find that the appellant was guilty beyond a reasonable doubt of the armed robbery and murder of Hiram Nathan Wilson. *White v. State*, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts in enumerations three through eleven that certain portions of the jury charges had the effect of shifting the burden of proof to him.

a. The court's charge and recharge on malice, OCGA § 16-5-1 (b), was not burden shifting. *White v. State*, supra at 215. The charge was not similar to the charge that was found to be defective in *Parks v. State*, 254 Ga. 403, 414 (330 SE2d 686) (1985).

b. The appellant complains about the following charge: "I instruct you that every person is presumed to be of sound mind and discretion, but that this presumption may be rebutted. I instruct you that you may infer that the acts of a person of sound mind and discretion are the product of that person's will, and you may infer that a person of sound mind and discretion intends the natural and probable consequences of that person's acts. Now, whether or not you make any such inference is a matter solely within the discretion of the jury." Unlike the mandatory rebuttable presumption in *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), this charge creates a permissive inference that suggests a conclusion that reason and common sense justify in light of the facts proven, *Francis*, supra at 1971, but it does not require the jury to draw that conclusion, nor does it place any burden on the defendant; thus there is no error. The law of circumstantial evidence had been charged and an additional charge on circumstantial evidence was not required.

c. The appellant claims the following charge is erroneous: "malice may be inferred from circumstances which demonstrate a reckless disregard for human life. Now whether or not you make any such inference is a matter solely within the discretion of the jury." This charge is a correct statement of the law, *Walden v. State*, 251 Ga. 505, 507 (307 SE2d 474) (1983). The jury could not have understood this charge to be a mandatory presumption, thus the court was not required to charge that the inference could be rebutted. *Tucker v. State*, 249 Ga. 323, 330 (290 SE2d 97) (1982). The law of circumstantial evidence had been charged and an additional charge was not required. We find no error.

d. The appellant contends that the court erred in giving the following charge on conspiracy: "the conspiracy may sometime be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances." This is a correct statement of the law, *Hewitt v. State*, 127 Ga. App. 180, 183 (193 SE2d 47) (1972). There was no need to charge that the inference could be rebutted and absent a request, "the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal. [Cits.]" *Dix v. State*, 238 Ga. 209, 215 (232 SE2d 47) (1977). We find no error.

3. The appellant contends in enumeration twelve that the court erred when it instructed the jury that if it found the appellant guilty of murder it could consider the armed robbery charge, but if it found the appellant guilty of felony murder they could not consider the armed robbery charge.

We find no error. *Blankenship v. State*, 247 Ga. 590, 591 (277 SE2d 505) (1981).

4. The appellant asserts in his thirteenth enumeration that the charge on impeachment was defective in that it did not inform the jury that a witness could be impeached by a showing of bad character.

"Failure to give a specific charge that bad character is one method of impeaching a witness is not a substantial error which is harmful as a matter of law under OCGA § 5-5-24 (c) (Code Ann. § 70-207). *Tanner v. State*, 228 Ga. 829, 833 (188 SE2d 512) (1972)." *Henley v. State*, 169 Ga. App. 682, 684 (314 SE2d 697) (1984). Viewing the charge as a whole we find no error.

5. The appellant claims in enumerations fourteen and fifteen that the trial court erred when it failed to direct a verdict of acquittal because the state failed to prove the corpus delicti. He specifically claims that it was error to allow the medical examiner to testify that he identified the body by comparing dental x-rays that were objected to as hearsay.

"We have held numerous times that the corpus delicti may be proved by both direct and circumstantial evidence. [Cits.]" *Johnson*

*v. State*, 231 Ga. 138, 140 (200 SE2d 734) (1973); *Wrisper v. State*, 193 Ga. 157, 161 (17 SE2d 714) (1941). The evidence presented at the trial showed that Wilson and a witness drove in Wilson's car to a lounge where they met White the evening before Wilson's body was found. The three of them were seen by another witness at approximately 2:30 a.m., and the fire department answered the call to extinguish the burning vehicle at approximately 4:30 a.m. Huddleston testified that after Wilson was shot, he assisted in removing all of Wilson's personal belongings and in moving the vehicle with him in it to another location. The autopsy showed that Wilson had been shot before he was burned. All of his personal belongings were gone, but there was a paper in the glove compartment that bore Wilson's name and the keys found in the ignition fit Wilson's barber shop, home, and another family vehicle. Family members identified the keys and the vehicle as belonging to Wilson. Witnesses testified that the appellant had stated that he intended to rob Wilson, and to kill him if necessary, and either White or her mother told White's nephew that Wilson was dead before the news of his death was made public. There was no suggestion that Wilson was ever seen alive again after he was seen with White approximately two hours before his body was found on April 1, 1977. In light of all the circumstances, there was clearly enough evidence for a rational trier of fact to find that Wilson was the victim of the crimes perpetrated by the appellant. See *Perovich v. United States*, 205 U. S. 86 (27 SC 456, 51 LE 722) (1907); *Wrisper v. State*, supra; and *Mathis v. State*, 153 Ga. 105 (111 SE 567) (1922).

Although we approved of the admission of x-rays under the business records statute, OCGA § 24-3-14, in *Redd v. State*, 240 Ga. 753, 757 (243 SE2d 16) (1978), and the x-rays relied upon in this case could have fit under this exception to the hearsay rule, the prosecution did not attempt to introduce them as such. In view of the fact that there was other evidence that clearly proved the corpus delicti, we find that the introduction of the x-rays to show Wilson's identity was harmless error in this case.

6. The appellant asserts in his sixteenth and seventeenth enumerations that the trial court erred in failing to grant his motions for a mistrial when his character was placed into issue and when a state's witness testified that White had been interviewed when she was taken for a polygraph examination.

a. The appellant made a motion for mistrial when the state's witness testified that White had been interviewed when she was taken for a polygraphic examination, that motion was vigorously restated thereafter, and again prior to the introduction of White's statements to the police. However, there was no objection to the portion of the statement that became the subject of the motion for mistrial on the ground that it placed the appellant's character into issue at the time

the statement was read into evidence. "[A] mistrial will not lie where evidence is admitted without objection (*McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173)) and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. *Favors v. State*, 145 Ga. App. 864, 867 (4) (244 SE2d 902)." *Bennett v. State*, 165 Ga. App. 600, 601 (302 SE2d 367) (1983).

b. The fact that the state's witness indicated that White had been interviewed when she was taken for a polygraph examination did not, in this case, raise an inference as to the results, thus it was not error. See *White v. State*, supra at 213.

7. The appellant contends in enumeration eighteen that the trial court erred in allowing Huddleston to testify, after an initial showing that he had been committed, without a showing that he had been rehabilitated.

"Everyone is presumed competent to testify, and even where a person is shown to have been insane, or to have been adjudged insane previously and is presently in a state mental hospital, this does not necessarily render such person incompetent to testify. *Conoway v. State*, 171 Ga. 782 (3) (156 SE 664) (1931)." *Redfield v. State*, 240 Ga. 460, 462 (241 SE2d 217) (1978). "The competency of a witness shall be decided by the court," OCGA § 24-9-7 (a), and the decision of the trial court will not be disturbed unless there is an abuse of discretion. *Middlebrooks v. State*, 253 Ga. 707, 708 (324 SE2d 192) (1985). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*David S. Marotte,* for appellant.

*Thomas J. Charron,* District Attorney, *Michael J. Bowers,* Attorney General, *J. Michael Davis,* Staff Assistant Attorney General, for appellee.