### 43344. PARKER v. THE STATE.
(349 SE2d 379)

SMITH, Justice.

The appellant, Charles Parker, was indicted for the murder of Alfred B. Trapp. A Douglas County jury found him guilty of murder and he was sentenced to life imprisonment. We affirm.[1]

---

[1] The crime was committed on January 13, 1985. The Douglas County jury returned its verdict of guilty on June 4, 1985. A motion for new trial was filed on June 27, 1985, and an amended motion for new trial was filed on October 11, 1985. It was denied on January 30, 1986. The transcript of the evidence was filed on March 25, 1986 and a notice of appeal was filed on February 27, 1986. The record was docketed in this Court on March 31, 1986 and the

The appellant, Alfred Trapp, and Allen Williams were employed by William Bryant. On the morning of January 13, 1985, the four men went to cut firewood and Bryant slipped and broke his ankle. After being treated at an emergency clinic he was taken home. The four men began drinking heavily.

Sometime later in the day, Trapp was shot with a shotgun. He fell in front of Bryant's chair, but Bryant testified that he could not remember anything that happened that afternoon because he had "knocked himself out" with liquor to stop the pain from his broken ankle. Trapp later died during surgery.

Williams testified that prior to the shooting, the appellant and Trapp both had knives in their hands, but both men put them away before the shooting occurred. Williams also testified that the appellant and Trapp went into the kitchen and he could hear the appellant say to Trapp that "somebody will die tonight[,]" or that "we'll kill somebody." Williams testified that he heard "a bunch of noise" coming from the kitchen and went to see what was happening. He said he saw what he thought was a long gun, and fearing trouble he walked outside. He could not see either the appellant or the victim, but he could see that Bryant had passed out and that he did not have a gun. Moments later he heard a gunshot and left to call the police.

Williams and a sheriff's deputy walked into the house together. Then Williams and the appellant walked to the bathroom where Williams said that he saw a shotgun lying on the floor. Williams testified that the appellant said, "you ain't seen nothing [or] don't know nothing."

Bryant's wife, Joann, testified that when she entered her home, she found Bryant drunk and passed out in a chair in the den. She saw Trapp lying at Bryant's feet and assumed that he had also passed out from drinking. As Mrs. Bryant walked toward the kitchen the appellant was coming out and threw up his hands and told her that he did not "know anything about any of this." As Mrs. Bryant turned back to the den she saw Charlene, Trapp's sister, kneeling next to Trapp, shaking him, turning him over, and saying "my God, he's been shot." Mrs. Bryant also testified that Charlene pointed her finger at the appellant and said, "Charles Parker, you did this and you're going to pay." Mrs. Bryant testified that the appellant did not respond to the accusation. Neither of the women were in the house at the time of the shooting.

Gary Belcher of the Sheriff's office looked in the bathroom for the shotgun that Williams said he saw there, but it was gone. Belcher, thereafter, asked the appellant what had occurred, and the appellant

case was submitted by brief on May 16, 1986.

replied, "he got shot but I didn't move the shotgun."

A cell mate of the appellant at the Douglas County Jail testified that the appellant had told him that he shot a man at close range with a shotgun. When the cell mate asked the appellant why he shot the man he said that they had been involved in an argument and that he "just put a sorry son-of-a-bitch out of his misery[.]"

1. The appellant contends that the trial court's charge on intent unconstitutionally shifted the burden of proof to him.

The charge given was as follows: "Every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. You may infer, if you wish to do so, one, that the acts of a person of sound mind and discretion are the product of his will; and, two, you may infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his knowing acts. Whether or not you make any such inference or inferences it is a matter solely within your discretion as the jury."

The first part of the charge relating to the presumption of sanity is taken directly from OCGA § 16-2-3. Georgia law presumes sanity, *Durham v. State*, 239 Ga. 697, 698 (238 SE2d 334) (1977), and insanity is an affirmative defense. *Brown v. State*, 250 Ga. 66, 70 (295 SE2d 727) (1982). Thus, we do not find the charge relating to the presumption of sanity impermissibly shifted the burden of proof to the appellant.

The second part of the charge creates a permissive inference, but it does not require the jury to draw a certain conclusion, nor does it place any burden on the appellant. *Flynn v. State*, 255 Ga. 415, 416 (339 SE2d 259) (1986). We find no error.

2. The appellant asserts that he did not receive copies of all of his in-custody statements pursuant to OCGA § 17-7-210, thus, it was error for the trial court to deny his motion to suppress his in-custody statements.

The appellant was provided with a typed statement that was prepared in the District Attorney's office from his tape-recorded interview. During the trial the officer who interviewed the appellant indicated that the statement as typed was not an exact copy of the statement. During the interview, the batteries in the tape recorder ran down and the appellant had to be re-questioned after the batteries were replaced. The typed statement provided the appellant with adequate notice of the substance of the statement the state anticipated using against him despite the problems with the tape recorder. The trial court was correct in denying appellant's motion to suppress. *White v. State*, 253 Ga. 106, 109 (317 SE2d 196) (1984).

3. The appellant contends that there was no showing of malice, therefore, it was error for the trial court to deny his motion for a directed verdict.

"[T]he test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the applicable test for analysis of a challenge to the court's refusing to direct a verdict as well as a challenge to the sufficiency of the evidence." *Stanley v. State*, 254 Ga. 376, 377 (329 SE2d 500) (1985). "It is for the jury to determine whether any killing is intentional and malicious from all the facts and circumstances. *Smith v. State*, 238 Ga. 581 (234 SE2d 500) (1977)." *Blair v. State*, 245 Ga. 611, 614 (266 SE2d 214) (1980). Viewing the evidence in a light favorable to the jury's verdict, we find it sufficient to enable any rational trier of fact to find that each element of the offense was proven beyond a reasonable doubt. *Jackson*, supra.

4. The appellant contends that he was denied a right to a thorough cross-examination of a witness after the state placed the witness' character in issue.

To impeach a witness by way of a prior conviction, the conviction must be proved by the record of the conviction, not by cross-examination. *Ledesma v. State*, 251 Ga. 885, 888 (311 SE2d 427), cert. denied, 467 U. S. 1241 (104 SC 3510, ___ LE2d ___) (1984). We find no error.

5. The appellant contends that the trial court erred in allowing a state's witness to testify as to incriminating statements he made at the scene of the crime.

Although all the witnesses had been requested not to leave while the sheriff was attempting to secure the crime scene, no one had been placed under arrest, and no one had been given any *Miranda* warnings. We do not find that the appellant was in custody or that he was otherwise deprived of his freedom of action in any significant way. *Shy v. State*, 234 Ga. 816, 823 (218 SE2d 599) (1975). Thus, the trial court did not err in allowing the appellant's response to Gary Belcher into evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 1986.

*Clifton & Helms, Leo W. Clifton, Vinson & Osborne, J. Glenn Richardson*, for appellant.

*Frank C. Winn, District Attorney, John T. Garcia, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General*, for appellee.