A89A1064. ROSS v. THE STATE.
(383 SE2d 627)

McMURRAY, Presiding Judge.

Defendant was indicted for armed robbery and two counts of aggravated assault (assault with intent to commit rape and assault with a deadly weapon). The evidence adduced at a jury trial showed that defendant approached the victim at about 5:45 in the morning on August 4, 1988, as the victim was waiting at a bus stop. Defendant displayed a handgun; ordered the victim across the street and took $200 from the victim's purse. After crossing the street, defendant forced the victim behind a school building and down a flight of stairs; ordered the victim to disrobe and lie down and when the victim refused to fully comply with defendant's orders, defendant "started pushing [the victim], and [she] started pushing back. And then when [the victim] wouldn't [submit], he grabbed [her] around [the] throat and slammed [her] up against the wall and stuck the pistol into [the victim's] mouth." Defendant then "started kissing all on [the victim] . . . stuck [his fingers] up in [the victim's] vagina" and began removing his clothing. At that point, defendant was distracted by a vehicle in a nearby parking lot. The victim then fled and, as she was running, she "heard [a gun fire] and [noticed] a spark . . . on the back of [her] legs." The victim escaped to her nearby home. Defendant was found guilty of armed robbery and one count of aggravated assault and now appeals. *Held:*

1. In his first enumeration of error, defendant contends the evidence was insufficient to support his convictions for armed robbery and aggravated assault (assault with intent to commit rape). The emphasis of defendant's argument is the reliability of the victim's identification of him as the assailant.

The relevant question in reviewing the sufficiency of the evidence in such cases " 'is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt.' *Jackson v. Virginia*, [443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560)]. On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860).

In the case sub judice, the victim identified defendant as her assailant, giving a detailed account of her ordeal and describing defendant and the clothing defendant was then wearing. Clothing described by the victim as being worn by her assailant and a loaded handgun, with one shell expended, were found at defendant's home. Finally, an eyewitness corroborated the victim's testimony with regard to the circumstances of the incident and with regard to the general description of the assailant and his clothing. From this and other evidence adduced at trial, we find that any rational trier of fact could have found defendant guilty, beyond a reasonable doubt, of armed robbery and of aggravated assault (assault with intent to commit rape). *Jackson v. Virginia*, 443 U. S. 307, supra. This enumeration of error is without merit.

2. Defendant next contends the trial court erred in charging the jury the entirety of OCGA § 16-5-21 (a), arguing that such charge authorized "the jury to convict [him] for a crime not charged in the indictment." This Code subsection authorizes conviction for aggravated assault "upon proof of one or more of several modes of assault, i.e., with a deadly weapon, or with intent to commit murder, rape, or robbery. OCGA § 16-5-21 [(a)] (Code Ann. § 26-1302)." *Griffin v. State*, 168 Ga. App. 696, 698 (4), 699 (310 SE2d 278).

In the case sub judice, the State elected to charge defendant with the separate offenses of aggravated assault (assault with intent to commit rape) and aggravated assault (assault with a deadly weapon). The State did not charge defendant with aggravated assault (assault with intent to commit murder) or aggravated assault (assault with intent to commit robbery). However, we find no harm in fully charging the jury on OCGA § 16-5-21 (a) since the trial court read the indictment to the jury and instructed it specifically as to each of the crimes charged. The court further instructed that if the jury found the defendant guilty of any one or more of the counts charged, it must so find, beyond a reasonable doubt, that the crime or crimes were committed in the manner in which it was charged in the indictment. *Chambers v. State*, 183 Ga. App. 874 (1) (360 SE2d 438). See *Boscaino v. State*, 186 Ga. App. 133 (2), 134 (366 SE2d 789). Compare *Walker v. State*, 146 Ga. App. 237 (1) (a) (246 SE2d 206), and *Gaines v. State*, 177 Ga. App. 795, 796 (1) (341 SE2d 252).

3. In his third enumeration of error, defendant contends the trial

court erred in allowing the State's attorney to cross-examine him in such a manner as "to put the Defendant in the position of calling the victim a liar" and that "[t]he answer, in fact, had the effect of calling the Defendant a liar." The State's question "properly served to attack the veracity and credibility of [defendant's] testimony on this subject, an area certainly within the appropriate scope of cross-examination. We find no abuse of discretion in the action of the trial court in allowing the evidence. *Mitchell v. State*, 236 Ga. 251, 256 (223 SE2d 650); *Bailey v. State*, 138 Ga. App. 807, 808 (227 SE2d 516)." *Wills v. State*, 169 Ga. App. 260, 262 (4) (312 SE2d 367).

4. Defendant contends in his fourth enumeration of error that the trial court's charge on intent was unconstitutionally burden shifting. In this regard, the trial court charged the jury as follows:

"Intent is an essential element of any crime and must be proven by the State beyond a reasonable doubt. A person will not be presumed to act with criminal intent, but the jury may find such intention or the absence thereof upon consideration of the words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted. You may infer in this case, if you wish to do so, (a) that the acts of a person of sound mind and discretion or [sic] the products of his will, and (b) you may infer, if you wish to do so that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether you make any such inferences or inferences in this case is a matter solely within the discretion of the jury."

This "charge creates a permissive inference, but it does not require the jury to draw a certain conclusion, nor does it place any burden on [defendant]. *Flynn v. State*, 255 Ga. App. 415, 416 (339 SE2d 259) (1986)." *Parker v. State*, 256 Ga. 363, 365 (1) (349 SE2d 379). This enumeration of error is without merit.

5. In his final enumeration of error, defendant contends the trial court's charge on alibi was impermissibly burden shifting. In this regard, the trial court charged as follows:

"The defendant contends that he was not present at the scene of the alleged offense at the time of its commission. Alibi as a defense involves the impossibility of the accused's presence at the scene of the alleged offense at the time of its commission. *The range of evidence in respect to time and place must be such as reasonably excludes the possibility of the presence of the defendant at the scene of the alleged offense.* Presence of the defendant at the scene of the crime alleged is an essential element of the crime set forth in this indictment, and the burden of proof rests upon the State to prove such beyond a reasonable doubt. Any evidence in the nature of alibi should be considered by you in connection with all the other evidence, and if in doing so you should entertain a reasonable doubt as to the guilt of

68

the accused, it would be your duty to acquit the defendant." (Emphasis supplied.)

The State contends that this "charge as given was unanimously approved by the Georgia Supreme Court in *Patterson v. State*, 233 Ga. 724 [(213 SE2d 612)] (1975)." This is not the case. In the second footnote in *Patterson v. State*, 233 Ga. 724, 729 (7), 730, supra, the Supreme Court unanimously approved a charge on "alibi" based upon Special Charge 6, Pattern Jury Instructions-Criminal, prepared by the Committee on Pattern Jury Instruction, Council of Superior Court Judges of Georgia. It is noted that the emphasized portion utilized by the trial court in the case sub judice in 1988 was not set forth in the charge on "alibi" reflected in the second footnote in *Patterson v. State*, 233 Ga. 724, 729 (7), 730, supra, in 1975. However, we do note that the emphasized language herein is part of a charge on "alibi" contained in the November 1984 Edition of "Suggested Patterns Jury Instructions, Volume II, Criminal Cases, State of Georgia," by the Council of Superior Court Judges of Georgia. It is this emphasized language defendant challenges, arguing that the instruction shifted the burden of persuasion to him on an essential element of the crime, presence.

In *Zant v. Akins*, 250 Ga. 5, 6 (2) (295 SE2d 313), the Supreme court criticized the trial court's instruction that " '[a]libi as a defense should be established to the reasonable satisfaction of the jury but not necessarily beyond a reasonable doubt' " as being unconstitutionally burden-shifting. " 'The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. (Cits.) . . .' *Bowles v. State*, 168 Ga. App. 763, 765 (4) (310 SE2d 250) (1983)." *Turner v. State*, 178 Ga. App. 888, 889 (3), 890 (345 SE2d 99).

From this perspective, we find that the trial court's alibi instruction, in the case sub judice, was not unconstitutionally burden-shifting, as contended by the defendant, as it did " 'not put the onus on the defendant to prove anything.' [*Poole v. Ga.*, 551 F2d 683 (5th Cir. 1977)]." *Jarrell v. Balkcom*, 735 F2d 1242, 1255 (11th Cir. 1984). The trial court clearly informed the jury that defendant's presence at the scene is an essential element of the crime, that the State had the burden to prove, beyond a reasonable doubt, defendant's presence at the scene and that if after considering all of the evidence presented at trial, including the alibi evidence, the jury had a reasonable doubt of defendant's guilt, that it would be the jury's duty to acquit defendant

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Eleni A. Pryles, James W. Richter*, Assistant District Attorneys, for appellee.