S92A0870. LATIMORE v. THE STATE.
(421 SE2d 281)

SEARS-COLLINS, Justice.

Tracy Lee Latimore fatally shot Deborah Pearson on February 6,

---

1991. After a bench trial, Latimore was convicted of murder and possession of a firearm during the commission of a crime, and he was sentenced to life imprisonment for the murder conviction and to a consecutive sentence of five years imprisonment for the weapons possession conviction.[1] We affirm.

Latimore and Pearson had been living together prior to the shooting. According to Latimore, Pearson saw him talking with his former girl friend several days before the incident. An argument ensued between Pearson and Latimore which continued into the morning of the shooting. On that morning, Pearson told Latimore that she was leaving him and walked out of the house. Latimore pursued her and told her to stop. When she refused to stop, Latimore returned to the house, retrieved a rifle from the bedroom, ran outside and fired the rifle from the hip at Pearson.

Pearson was struck in the back and fell to the ground. Latimore fled the scene, and Pearson was able to make her way across a road to a neighbor's house. Paramedics were summoned, and they attempted to transport Pearson to the hospital. Although she was bleeding internally and suffering from shock, she remained conscious and identified Latimore as the person who shot her. She died soon after arriving at the hospital.

Latimore was apprehended in a wooded area approximately one mile from the scene of the crime. After the police administered *Miranda* warnings, Latimore executed a waiver of counsel and made an in-custody statement to a GBI agent. In that statement, Latimore admitted to shooting Pearson after arguing with her and stated that he watched Pearson fall and then fled into the woods. Latimore also stated that he did not aim the rifle at Pearson.

At trial, Latimore testified he fired the rifle only to scare Pearson and did not intend to kill her. Moreover, Latimore's attorney argued that, under the facts of the case, the court could find him guilty of voluntary manslaughter but not murder. As noted above, the trial court found Latimore guilty of murder.

In his sole assertion of error, Latimore urges that his murder conviction should be reversed because the trial evidence only showed that Pearson's death resulted from a crime of passion, lacking any foundation of premeditation and intention on his part to kill Pearson. We disagree.

---

[1] The crime occurred on February 6, 1991. Latimore was indicted for murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime on February 21, 1991. He was tried on September 16, 1991, and found guilty of murder and possession of a firearm during the commission of a crime on that date. Latimore filed a motion for new trial on September 25, 1991. The motion was denied on March 10, 1992. Latimore filed a notice of appeal on April 7, 1992. The record was docketed in this Court on April 15, 1992, and the case was submitted without oral argument on May 29, 1992.

First, premeditation is not a specific element of murder in Georgia. *Burnett v. State*, 240 Ga. 681 (242 SE2d 79) (1978). Second, malice incorporates the intent to kill, *Patterson v. State*, 239 Ga. 409, 416 (238 SE2d 2) (1977), and may be implied where the facts show that the accused acted with an abandoned and malignant heart, absent a showing of considerable provocation. OCGA § 16-5-1.[2]

"It is for the [trier of fact] to determine whether any killing is intentional and malicious from all the facts and circumstances. *Smith v. State*, 238 Ga. 581 (234 SE2d 500) (1977)." *Blair v. State*, 245 Ga. 611, 614 (266 SE2d 214) (1980). The evidence presented at trial showed that after Pearson informed Latimore that she was leaving him, he retrieved the murder weapon from their home and shot her in the back as she was walking away from him. He then fled the scene even though Pearson was still alive and in need of medical assistance. Assuming, without deciding, that Latimore did not aim the weapon at Pearson, his discharge of a deadly weapon in the immediate vicinity of other occupied houses and his subsequent flight without seeking care for the wounded Pearson were sufficient to support a finding of recklessness rising to the level of an abandoned and malignant heart.

Conversely, Latimore's statement that he and the victim argued and that he was angry because she was going to leave him, is not, as a matter of law, a showing of considerable provocation necessary to set aside a finding of implied malice. We find that the facts and circumstances were sufficient to authorize the trial court to infer malice pursuant to OCGA § 16-5-1 (b), and that the evidence was sufficient for a rational trier of fact to have found Latimore guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Fletcher, JJ., concur.*

DECIDED OCTOBER 8, 1992.

*Robert H. Cofer*, for appellant.
*Dennis C. Sanders, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,*

---

[2] Our murder statute, OCGA § 16-5-1, provides in relevant part:
    (a) A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being.
    (b) Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. *Malice shall be implied where no considerable provocation appears and where the circumstances of the killing show an abandoned and malignant heart.* [Emphasis supplied.]