S94A1413. PATTERSON v. THE STATE.
(449 SE2d 97)

Carley, Justice.

After a jury trial, appellant was found guilty of malice murder and sentenced to life. His motion for new trial was denied and he appeals.[1]

1. Appellant enumerates the general grounds. It was undisputed that appellant shot the victim several times, twice in the head. He urges, however, that there was no proof of his intention to kill.

" 'It is for the (trier of fact) to determine whether any killing is intentional and malicious from all the facts and circumstances. [Cit.]' [Cit.]" Latimore v. State, 262 Ga. 448, 450 (421 SE2d 281) (1992). The relevant and material facts and circumstances in the instant case include the following: Appellant became angry because the victim had not repaid a small loan. After stating that he would shoot the victim, appellant obtained a gun and, accompanied by several friends, went to confront the victim at his place of work. One of appellant's friends physically assaulted the victim. Although appellant contended that he shot the victim to protect his friend, there was significant evidence to the contrary. After first shooting the victim in the leg, appellant deliberately took aim and fired two shots into the victim's head. Appellant then fled the scene.

From this evidence, the jury was authorized to find proof of appellant's guilt of malice murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also Latimore v. State, supra. Accordingly, appellant's enumeration of the general grounds is without merit.

2. On two occasions, the trial court, in response to the jury's request, recharged on the definitions of murder and voluntary man-

---

[1] The homicide occurred on April 7, 1993 and appellant was indicted on May 14, 1993. The guilty verdict was returned on September 7, 1993 and the life sentence was entered on September 10, 1993. The motion for new trial was filed on September 27, 1993 and was denied on April 14, 1994. The notice of appeal was filed on May 16, 1994. The case was docketed in this court on June 16, 1994 and was submitted for decision on August 8, 1994.

slaughter. On yet a third occasion, the jury requested that it be provided with a written recharge on the definition of voluntary manslaughter. In response to this request, the trial court provided a written recharge on the definitions of murder and voluntary manslaughter. Appellant objected to "the written [re]charge [on] murder going out because the jury did not ask for it primarily." On appeal, appellant enumerates as error the giving of the unrequested additional written recharge on the definition of murder.

When the jury requests a charge or recharge on a particular point, the trial court has discretion to also give or not give additional instructions. *Walter v. State*, 256 Ga. 666, 668-669 (2) (352 SE2d 570) (1987). Because the recharge on murder was authorized by the evidence and legally accurate there was no abuse of discretion and no error. *Taylor v. State*, 169 Ga. App. 842, 844 (2) (315 SE2d 661) (1984). A contrary holding is not mandated simply because the recharge was given in a written, rather than verbal, form. *Anderson v. State*, 262 Ga. 26, 27 (3) (413 SE2d 732) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 1994.

*Melissa M. Nelson,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General, Anne G. Maseth,* for appellee.