A95A0780. WIMPEY v. NORFOLK SOUTHERN RAILWAY
COMPANY.
(456 SE2d 744)

BLACKBURN, Judge.

The appellant, Jimmy Wimpey, commenced the instant action against appellee Norfolk Southern Railway Company (Norfolk) under the Federal Employers' Liability Act (FELA), 45 USC 51 et seq., based upon injuries that he received when he slipped and fell in the employees' locker room provided by Norfolk. Following a five-day trial, the jury returned a verdict in favor of Norfolk, and judgment was entered on the jury's verdict. Wimpey subsequently moved for a new trial, and the motion was denied by the trial court. This appeal followed. In his sole enumeration, Wimpey maintains that the trial court erred in failing to properly and accurately respond to a question posed by members of the jury.

At the conclusion of the evidence, the trial court instructed the jury on the applicable law under FELA and under general negligence principles, which included an instruction on contributory negligence and a section of FELA which effectively abolished the doctrine of assumption of the risk. The trial court further charged the jury on the apportionment of damages in the event that they found Wimpey guilty of contributory negligence. The trial court inadvertently omitted to give this charge earlier. The jury deliberated for approximately one hour and were later sent home for the evening.

The jury returned the next morning, and following several hours of deliberation, the foreman of the jury submitted to the court a handwritten note which read: "We want the judge to read Sect 3/4 of FELA along with his instruction and examples. [Signature of the foreman] P.S. if the contributory negligence stuff you read yesterday should have been in the text at this point then include this." The note contained an arrow leading from the postscript to the first sentence. In response to this note, after a colloquy between the attorneys, the trial court recharged the jury that the doctrine of assumption of the risk is not applicable to FELA actions and that they could apportion any damages awarded if they found Wimpey guilty of contributory negligence. The trial court also instructed the jury to submit another written question if additional clarification was needed.[1] Wimpey

---

[1] The jury did submit another question on the elements of negligence under FELA and the definition of causation. However, Wimpey does not challenge the trial court's charge to

objected to the recharge as given.

"When the jury requests a charge or recharge on a particular point, the trial court has discretion to also give or not give additional instructions. [Cit.]" *Patterson v. State*, 264 Ga. 593, 594 (2) (449 SE2d 97) (1994). The recharge on assumption of the risk and contributory negligence was authorized by the evidence and legally accurate. Id. There was evidence that Wimpey walked directly across the moist locker room floor in leather-soled shoes instead of walking on the non-skid safety strips that had been placed around the room by Norfolk. Consequently, we find that the trial court did not abuse its discretion in recharging the jury. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1995.

*Jones & Granger, Harry B. Bailey III, J. Ashton Moss,* for appellant.

*Branch, Pike & Ganz, Eileen Crowley, Daryl G. Clarida, David M. Atkinson,* for appellee.

the jury in response to this question.