## S08A0256. SMITH v. THE STATE.

(663 SE2d 155)

SEARS, Chief Justice.

The appellant, Tavaris Smith, appeals from his conviction for the murder of his wife.[1] On appeal, Smith contends that the trial court erred when it required him to present his claim that he shot his wife while sleepwalking pursuant to the defense of not guilty by reason of insanity instead of pursuant to the defense that he was unaware of his actions and lacked the intent to kill her. We agree with Smith's contention and reverse his conviction.

1. The evidence of record would have authorized a rational trier of fact to conclude beyond a reasonable doubt that Smith and his wife had had marital difficulties, that Smith had threatened to kill her, that Smith had put a gun to her head on a previous occasion, that Ms. Smith was thinking of divorcing Smith, and that Smith intentionally shot Ms. Smith while she was asleep on the night of June 5, 2003.

---

[1] The crime occurred on June 5, 2003, and Smith was indicted for malice murder on August 26, 2003. On August 15, 2005, a jury found Smith guilty of malice murder. On August 29, 2005, Smith moved for a new trial, and on February 27, 2006, the court reporter certified the trial transcript. On March 30, 2007, Smith filed an amended motion for new trial, and on July 16, 2007, the trial court denied the motion for new trial, as amended. On August 15, 2007, Smith filed a notice of appeal, and on October 16, 2007, the appeal was docketed in this Court. The appeal was orally argued on February 11, 2008.

Accordingly, the evidence is sufficient to support Smith's conviction for malice murder.[2]

2. Before trial, Smith indicated his intent to present evidence, including expert testimony, that he had a physiological sleep disorder that caused him, while asleep or in a state of confusional arousal due to the disorder, to shoot his wife without any intent to do so and without any awareness that he was doing so. Smith did not file notice of an intent to assert an insanity defense under OCGA § 17-7-130.1. The trial court, however, concluded that Smith was asserting a claim of not guilty by reason of insanity and appointed an expert under OCGA § 17-7-130.1[3] to examine him. Smith objected to this imposition of the insanity defense.

At trial, when the court-appointed expert witness was called to testify, the court instructed the jury that, when a defendant interposes the defense of insanity, the court must appoint an expert to examine the defendant and to testify at trial; that insanity is defined as the lack of mental capacity to distinguish between right and wrong at the time of the crime; and that the court had classified Smith's defense as an insanity defense. Smith again objected to the imposition of the insanity defense. At the end of the trial, the court charged the jury on the defense of not guilty by reason of insanity and specifically charged the jury that Smith had the burden to prove insanity by a preponderance of the evidence.

On appeal, Smith contends that the trial court erred in characterizing his defense as not guilty by reason of insanity. For the reasons that follow, we agree.

> A defense related to but different from the defense of insanity is that of unconsciousness, often referred to as automatism: one who engages in what would otherwise be criminal conduct is not guilty of a crime if he does so in a state of unconsciousness or semi-consciousness. Although this is sometimes explained on the ground that such a person could not have the requisite mental state for commission of the crime, the better rationale is that the individual has not engaged in a voluntary act.[4]

In this vein, the Model Penal Code provides that a person who commits an act during unconsciousness or sleep has not committed

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 17-7-130.1 provides that, when a defendant files notice that he intends to assert an insanity defense, the "court shall appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial."

[4] 2 Wayne R. LaFave, Substantive Criminal Law, p. 33 (2nd ed. 2003).

a voluntary act and is not criminally responsible for the act.[5] Moreover, LaFave notes that sleepwalking qualifies as such a defense.[6] In addition, it appears that the majority of courts that have considered the question have held that unconsciousness disorders, including sleep disorders, constitute a separate defense from insanity, and that people who commit potentially criminal acts because of such disorders should not be criminally responsible because they are not acting voluntarily and with criminal intent.[7] This Court has also stated in dicta that, if a defendant commits an act that would otherwise be a crime while sleepwalking, he would not be criminally responsible because he would not satisfy this State's requirement that "there be a joint operation of act and intent to constitute [a] crime."[8] Furthermore, in interpreting the mens rea requirement of a statute to contain only a general intent as opposed to a specific intent requirement, the Supreme Court stated that a general intent requirement would separate wrongful conduct from innocent conduct and would protect "the hypothetical person who engages in forceful taking of money while sleepwalking (innocent, if aberrant activity)."[9] Finally, it has been noted that

> [f]ew courts continue to recognize sleepwalking as an insanity defense and there is little precedent on which a court could justify such a classification. Modern courts and scholars have abandoned the classification of sleepwalking as an insanity defense, primarily because criminally insane defendants are often committed to a mental institution for mental rehabilitation, an inappropriate treatment for sleepwalkers. Criminally insane defendants are considered to have a permanent or semi-permanent mental incapacity, making rehabilitation and institutionalization appropriate remedies. Conversely, sleepwalking defendants do not suffer from any permanent mental disorders and receive no benefit from rehabilitative treatment.[10]

Based on the foregoing authority, we conclude that the trial

---

[5] Model Penal Code § 2.01 (2) (b).

[6] Id. at 33-34.

[7] E.g., *State v. Hinkle*, 489 SE2d 257, 262-264 (W. Va. 1996); *State v. Massey*, 747 P2d 802, 805-807 (Kan. 1987); *State v. Bush*, 595 SE2d 715, 721-722 (N.C. App. 2004); *Fulcher v. State*, 633 P2d 142, 144-146 (Wyo. 1981); *McClain v. State*, 678 NE2d 104, 106-108 (Ind. 1997).

[8] *Lewis v. State*, 196 Ga. 755, 763 (27 SE2d 659) (1943). See OCGA § 16-2-1 (a) (a crime occurs when there is a "joint operation of an act or omission to act and intention or criminal negligence").

[9] *Carter v. United States*, 530 U. S. 255, 269 (120 SC 2159, 147 LE2d 203) (2000).

[10] Mike Horn, A Rude Awakening: What to Do With the Sleepwalking Defense?, 46 B.C.L. Rev. 149, 166-167 (2004).

court erred in classifying Smith's defense as an insanity defense, in informing the jury that it was classifying Smith's defense as an insanity defense, and in instructing the jury on the defense of insanity during its charge.[11] Moreover, we conclude this error was prejudicial to Smith, as Smith's own expert testified that he did not meet the legal definition of insanity, but that he may have committed the crime in question during a period of unconsciousness due to sleep disorders from which he was suffering. In this same vein, the court-appointed expert also testified that Smith did not suffer from any psychiatric problems, but that he may have possibly suffered from narcolepsy and confusional arousal. For these reasons, the trial court's imposition of the insanity defense detracted from Smith's primary defense that he did not commit the acts in question voluntarily and with criminal intent.

3. Smith contends that the trial court erred in charging the jury on intent as follows:

> You may infer, if you wish to do so, that the acts of a person of sound mind and discretion are the product of that person's will. A person of sound mind and discretion intends the natural and probable consequences of those acts. That's the second thing that you can infer.

We have held that this charge "creates a permissive inference, . . . it does not require the jury to draw a certain conclusion, nor does it place any burden on the appellant."[12] Accordingly, the trial court did not err in giving this charge.

4. Because Smith's remaining enumerations of error raise issues that are not likely to occur on retrial, it is unnecessary to address them.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Sarah L. Gerwig-Moore, Leslie Ann Eanes, Joel Callaway,* for appellant.

---

[11] Cases on which the State relies, e.g., *Paul v. State*, 274 Ga. 601, 603 (555 SE2d 716) (2001), are inapplicable, as they do not address defenses of unconsciousness.

[12] *Parker v. State*, 256 Ga. 363, 365 (349 SE2d 379) (1986). Accord *Rivera v. State*, 282 Ga. 355, 363-364 (647 SE2d 70) (2007); *Flynn v. State*, 255 Ga. 415, 416 (339 SE2d 259) (1986).

*Howard Z. Simms, District Attorney, Nancy S. Malcor, Dorothy V. Hull, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General,* for appellee.