## 29314. PACE v. THE STATE.

NICHOLS, Presiding Justice.

Charles Edward Pace was indicted and convicted of murder and aggravated assault, sentenced to life imprisonment on the murder charge and ten years on the aggravated assault charge. The appeal is from these convictions.

Upon the call of the case counsel appointed to represent the defendant announced to the court the defendant's desire to represent himself, and after a colloquy between the court-appointed counsel and the defendant, the court directed that appointed counsel sit with the defendant in the event he desired any legal advice and to be sure the state gave him a fair trial.

1. The first enumeration of error alleges that the verdict was not authorized by the evidence. The evidence adduced by the state disclosed that at about 1:45 a.m. the defendant pulled his automobile off the side of a road, got out and removed a gun from the trunk and, without provocation, shot into an automobile passing the scene in which the deceased and the victim of the aggravated assault were riding. The deceased died as a result of the gunshot wound in his head.

The evidence adduced by the defense showed a previous attack upon the defendant and the occupants of his automobile followed by an escape attempt in which both automobiles moved to another location in Muscogee

County where the defendant stopped his automobile, got the gun from the trunk, and shot in self-defense.

The evidence, while not without conflict, authorized the verdicts of the jury on both charges.

2. The only other enumeration of error contends that the court's instruction to the defendant that he had a right to testify was tantamount to a comment by the state regarding his possible failure to testify in his own behalf, and thus placed him in a position of having to testify or else suffer the consequences of the jury's reaction to the court's statement.

After the defendant had presented his last witness, other than himself, the court advised him of his right to testify; and, since he was representing himself, he could make a sworn statement subject to being cross examined by the state. At this point the jury retired and a discussion took place between the court, appointed counsel, and the defendant. The discussion dealt with the procedure to be followed while the defendant was presenting his testimony. During this discussion the defendant stated that he did want to testify and that he knew that he did not have to testify. Under such circumstances, even if the statement of the trial court to the defendant could be deemed an unauthorized statement by the court in the presence of the jury, where the court was advised out of the presence of the jury that the defendant did desire to testify there was no harmful error involved.

The verdicts of the jury being authorized by the evidence and no harmful error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted October 11, 1974 — Decided October 25, 1974.

*Dan H. Byars,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.