### 31569. BASS v. THE STATE.

NICHOLS, Chief Justice.

Emmett Bass, along with Willie Lee, Jr. and Kenneth Satterwhite, were indicted for the armed robbery of a liquor store in Henry County, Georgia. Bass was tried separately and upon conviction sentenced to 15 years imprisonment. Thereafter, his motion for new trial was overruled and the present appeal filed.

1. All three indictees were apprehended shortly after the armed robbery took place and their "loot" was found in the automobile being driven by the defendant Bass. The jury was authorized under the evidence adduced to find the defendant Bass guilty of the crime of armed robbery.

2. The defendant testified on the trial that he and his companions had left Atlanta in his automobile, with him driving, for the express purpose of committing an armed robbery in Griffin, and that when this armed robbery was foiled because too many people were on the premises, they drove to another location with the intention of committing armed robbery but that such store was closed. The defendant further testified that there was no intent on his

part for the trio to commit the armed robbery for which he was under indictment, but that he stopped the automobile outside the liquor store so that his co-indictee Lee could get a drink. He did not know that the armed robbery had taken place until Lee came out of the store with a pistol in his belt and another in his hand and instructed him to "Let's get out of here."

The defendant contends that under this evidence the following charge of the trial court dealing with intention was insufficient: "The Court charges you that a crime is a violation of a statute of this State in which there shall be a union of joint operation of act or omission to act, and intention or criminal negligence. A person will not be presumed to act with criminal intention, but the Jury may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." In the absence of a timely written request, the charge given, which is in accordance with Code § 26-605, was a sufficient charge on the question of intent. Compare *Whigham v. State,* 131 Ga. App. 261, 263 (205 SE2d 467) (1974) and citations.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 24, 1976 — DECIDED OCTOBER 5, 1976.

*Harold E. Martin,* for appellant.
*E. Byron Smith, District Attorney, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.