## 41368. BROWN v. THE STATE.
(320 SE2d 539)

Gregory, Justice.

The defendant was convicted of the murder of Nancy Whitaker and sentenced to life imprisonment.[1] According to medical testimony the victim died from multiple blows to her head inflicted by a heavy instrument. A claw hammer, spotted with human blood, was found a few feet away from the victim's body.[2] Two GBI agents testified that, after receiving Miranda warnings, the defendant confessed to the murder of the victim, stating that he had beaten her with a claw hammer following an argument. The defendant stated to the GBI agents he had discarded the hammer near the victim's body. At trial the defendant denied both having made this confession and murdering the victim. A microanalyst from the State Crime Lab testified that paint samples taken from the defendant's truck were "similar" to these samples taken from a tree trunk at the crime scene.[3]

1. The victim's body was not found until approximately two days after the murder. Several photographs of the victim, who was fully dressed, were taken at the crime scene and admitted in evidence. Defendant argues the photographs should not have been admitted as

---

[1] The murder was committed in August 1980. The jury returned its verdict on February 5, 1982. The defendant's motion for new trial was denied on May 17, 1984. The case was submitted in this court September 7, 1984.

[2] A forensic serologist from the State Crime Lab testified that the amount of blood found on the hammer was insufficient to type, but had been positively identified as human blood.

[3] This witness testified that the only positive way to match paint samples is to "piece them together like a jigsaw puzzle" when the samples are large enough to do so. He testified that in this case there was nothing in his tests to indicate the paint samples came from different sources.

they were not relevant and were offered to prejudice the jury by showing the victim's body in a decomposed state.

Photographs accurately depicting the crime scene and identifying the victim are generally admissible. *Jones v. State*, 249 Ga. 605, 608 (293 SE2d 708) (1982); *Blankenship v. State*, 247 Ga. 590, 595-6 (277 SE2d 505) (1981). We have examined the photographs objected to in this case and conclude their relevance outweighs any prejudicial impact they might have had.

2. GBI agents obtained a claw hammer, identical in appearance to the hammer found at the crime scene, from the inventory of defendant's employer for the purpose of showing how the defendant came into possession of the murder weapon. The comparison hammer was kept in the possession of a GBI agent until trial; the murder weapon was sent to the State Crime Lab for analysis. Both hammers were offered in evidence at trial.

Defendant argues that the State failed to prove chain of custody of the murder weapon. The State concedes there was some confusion surrounding the identification of the murder weapon by a Quitman County Deputy Sheriff,[4] but maintains that it met its burden of proving, with reasonable certainty, that the hammer offered as the murder weapon was the hammer seized at the crime scene. We agree that the State has met its burden in this case. "The State 'need not negative every possibility of tampering and need only establish reasonable assurance of the identity' of the evidence." *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603) (1981). It is clear from the record that the murder weapon was at all times in the possession of GBI agents until it was delivered to the State Crime Lab for analysis. We find no error.

3.(a) The defendant maintains the trial court erred in denying his motion for directed verdict of acquittal at the close of the State's evidence. Defendant argues that the only evidence linking him to the crime is his uncorroborated confession[5] which is insufficient to support the conviction. OCGA § 24-3-53.

There is, however, evidence of corroboration in the record. A bloody claw hammer matching the description of the hammer the defendant confessed he used to kill the victim was found near her body. The similarity of the paint samples taken from the defendant's truck to those taken from the crime scene further corroborates the defendant's confession. Corroboration of a confession in any material particular satisfies the requirement of OCGA § 24-3-53. *Cunningham v. State*, 248 Ga. 835, 837 (286 SE2d 427) (1982).

---

[4] The deputy sheriff testified that he handed the murder weapon to a GBI agent at the crime scene, but that he could not, in court, distinguish the murder weapon from the comparison hammer.

[5] Defendant does not attack the voluntariness of his confession on appeal.

(b) After examining the record in this case we conclude the evidence supports the finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 1984.

*James E. Friese,* for appellant.
*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.