## 69365. SWEAT v. THE STATE.
### (326 SE2d 809)

BANKE, Chief Judge.

On appeal from his conviction of driving under the influence of alcohol, the appellant contends that the trial judge erred by commenting during his charge to the jury that a blood-alcohol test had "shown the defendant to be .19 grams of alcohol." *Held*:

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed . . ." OCGA § 17-8-55. "In order to determine whether a portion of a charge improperly expressed an opinion on the facts, the whole charge may be considered." *Buffington v. State*, 171 Ga. App. 919, 923 (321 SE2d 418) (1984). The statute is violated when the court " 'assumes certain things as facts . . . and intimate(s) to the jury what the judge believes the evidence to be.' " *Mitchell v. State*, 190 Ga. 571, 572 (3) (9 SE2d 892) (1940). The court's remark in the present case assumed the truth of the fact stated therein and was an impermissible expression of opinion regarding the appellant's blood-alcohol content. As one of the central themes of the defense was the unreliability of the test in question, the

error must be considered harmful and the judgment reversed. Accord *Dean v. State*, 168 Ga. App. 172 (3) (308 SE2d 434) (1983).

Contrary to the State's assertion, the appellant was not required to object to the charge in order to preserve the issue for appeal. In a criminal case, defense counsel is not required to object immediately to the charge but may reserve the right to object on appeal. See OCGA § 5-5-24; *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980). In the present case, counsel for the appellant did reserve her objections to the charge.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 5, 1985.

*Elsie H. Griner*, for appellant.

*Lew S. Barrow, District Attorney, David C. Walker, Robert B. Ellis, Jr., Assistant District Attorneys*, for appellee.