42308. PARKER v. PACE.
(331 SE2d 546)

WELTNER, Justice.

The state appeals from a judgment entered in habeas corpus proceedings discharging the prisoner from custody.

The state agrees that the trial court's instructions to the jury (given in 1974) regarding a presumption of malice were erroneous under *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), but contends that the error was harmless beyond a reasonable doubt.

1. Under holdings of the United States Court of Appeals for the

Eleventh Circuit, *Sandstrom* error may be found harmless beyond a reasonable doubt "where the evidence of guilt is so overwhelming that the error could not have been a contributing factor in the jury's decision to convict," *Mason v. Balkcom*, 669 F2d 222, 227 (11th Cir. 1982). An adverse contention "failed to command a majority" in *Connecticut v. Johnson*, 460 U. S. 73 (103 SC 969, 74 LE2d 823) (1983), thereby leaving the Eleventh Circuit's rule intact. *Spencer v. Zant*, 715 F2d 1562, 1578 (11th Cir. 1983).

This court, as well, has applied the harmless error doctrine to a *Sandstrom* violation, as related to an alibi charge. *Wilson v. Zant*, 249 Ga. 373, 383 (290 SE2d 442) (1982).

2. Pace was convicted of murder and aggravated assault. *Pace v. State*, 233 Ga. 115 (210 SE2d 672) (1974). His defense was self-defense. The habeas corpus court found "The evidence of guilt here is great. The defendant testified at the trial that he shot at the deceased because he had first been fired on. Even if the first shooting occurred in the manner indicated, Petitioner arguably became the aggressor when he jumped in his car, drove down the street, stopped his car, got out, went to his trunk, took out the weapon, and shot into the passing vehicle occupied by the victim. All witnesses, even the defendant's own witnesses, with the sole exception of the defendant, testified that no shots were fired in the interim.

"This decision has bothered this court greatly; while the Court believes that the error was harmless, that the verdict was proper and in accord with the great weight of credible evidence, the Court is not prepared to say that the error was harmless beyond a reasonable doubt."

Having reviewed the record, we hold that the error here was harmless beyond a reasonable doubt. *Jarrell v. Balkcom*, 735 F2d 1242, 1257 (11th Cir. 1984); *Lamb v. Jernigan*, 683 F2d 1332, 1342 (11th Cir. 1982).

*Judgment reversed. All the Justices concur, except Hill, C. J., who dissents.*

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 24, 1985.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellant.
*Jane A. Stevens,* for appellee.