## 43241, 43242. CAMERON v. THE STATE (two cases).

(345 SE2d 575)

WELTNER, Justice.

William Melvin Cameron, Jr. was convicted of malice murder by shooting and killing John Keith Edwards with a handgun, of armed robbery, and of motor vehicle theft. He was sentenced to two consecutive terms of life imprisonment plus a term of years.[1]

1. Cameron contends that the evidence at trial was insufficient to support the jury's verdicts, specifically that there was no evidence that he intended to steal from the victim and no evidence of premeditation for murder or motor vehicle theft. The evidence showed that Cameron shared Edwards' apartment with him for several weeks prior to Edwards' death; that Cameron shot Edwards in the head and back at Kennesaw National Battlefield Park; that the gun used had been stolen from a security guard's car that day and that Cameron's keys were found in the guard's car several days after Edwards' death. A park ranger questioned Cameron as he was leaving Kennesaw Park and Cameron deceived him about his use of the gun; the ranger saw Cameron wearing the security guard's holster. When Cameron was arrested several days after Edwards' death for driving under the influence, he was wearing Edwards' watch and ring, driving Edwards' car, presented Edwards' driver's license, identified himself as Edwards, and had personal belongings of Edwards in the car, including television sets and clothing. He admitted forging Edwards' name on checks and using Edwards' credit cards after Edwards' death. The circumstances surrounding Edwards' murder are sufficient for a jury to find the necessary intent to steal from Edwards before his death to convict Cameron of armed robbery. *Young v. State*, 251 Ga. 153, 157 (303 SE2d 431) (1983). The evidence is sufficient to sustain the conviction for murder, armed robbery, and motor vehicle theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cameron alleges that the trial court erred in giving three improper charges on malice and intent to kill in violation of *Francis v. Franklin*, 471 U. S. __ (105 SC 1965, 85 LE2d 344) (1985). The third charge read, "If you find that a homicide is proved to have been committed in this case by defendant with a weapon that you find was in the manner in which it was used upon the occasion in question a

---

[1] The murder was committed on October 9, 1982. Cameron was convicted on May 19, 1983. He filed a motion for a new trial on June 2, 1983. Cameron changed lawyers three times after trial. His fourth lawyer, retained in December 1984, moved for an extension until May 1985, to file transcripts. An amended motion for new trial was filed April 30, 1985, amended May 16, 1985, and denied February 3, 1986. He filed a notice of appeal April 13, 1984, which was refiled on February 19, 1986. The transcript was filed in superior court on January 21, 1985. The appeal was docketed in this court on February 26, 1986, and argued on May 21, 1986.

weapon likely to produce death, the law would presume malice and the intent to kill, but that presumption may be rebutted." This charge would be error under *Francis v. Franklin*, supra, for shifting the burden of proof to the defendant improperly, even though the Cameron case was tried in 1983, before the *Franklin* decision. See *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986). Ordinarily we would then determine whether the charge error was harmless under *White v. State*, 255 Ga. 731 (342 SE2d 304) (1986), and *Parker v. Pace*, 254 Ga. 634 (331 SE2d 546) (1985). (Although Cameron asserted in various pre-trial statements that the killing was attributable to self-defense or to provocation, he also asserted that he intended to kill Edwards when he fired the second shot.)

However, in this case it is not necessary to reach the issue of harmless error, as the transcript discloses the following colloquy after the charges were read to the jury:

"The Court: Are there any exceptions?

"[Defense Counsel]: For the record, the exceptions to charge on flight, the other objections previously noted to charges I requested."

By not excepting to the alleged burden-shifting charges in response to the trial court's inquiry, and by failing to reserve the right later to object, Cameron waived his right to assert such errors on appeal. *Ford v. State*, 255 Ga. 81 (335 SE2d 567) (1985); *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982).

3. Cameron contends that the admission of a photograph into evidence constituted error because of its gruesomeness, and because no foundation had been laid. The photograph depicts the victim at the crime scene. It was relevant and does not violate the rule in *Brown v. State*, 250 Ga. 862, 866 (302 SE2d 347) (1983). See also *Brown v. State*, 253 Ga. 363 (1) (320 SE2d 539) (1984). Cameron failed to challenge the foundation laid by the state during the trial. There is no error.

4. Cameron asserts that the admission of the medical examiner's testimony relative to the crime scene was error, because he did not visit the crime scene, and because he testified from photographs not properly in evidence. The medical examiner was qualified as an expert, and his opinion was based on two photographs of the crime scene properly admitted into evidence and a third, which, while not admitted into evidence, was similar to one properly admitted. An expert may give an opinion based on photographs, without having visited the crime scene. See *King v. Browning*, 246 Ga. 46, 47-8 (268 SE2d 653) (1980). We find no error.

5. Cameron claims error in the following question propounded to a forensic chemist, qualified as an expert: "So the fact that a person might have died and had been some days before he was found, that would not in any way, circumstances that you are aware of, decrease

the alcohol content?" The victim's body was found several days after the murder and it contained traces of alcohol. The question was proper under OCGA § 24-9-67.

6. Cameron contends that the trial court erred in admitting into evidence one shell casing and one live round which were found by the park ranger several weeks after Edwards' death, in the same area where the ranger first encountered Cameron. The ranger testified that the objects were of the same type as the rounds of ammunition which he had confiscated from Cameron. The state has met its burden of establishing with reasonable certainty the identity of the bullets. *Brown v. State*, supra, 253 Ga. at 364 (2). We find no error.

7. Cameron contends that his character was placed in evidence improperly by testimony about other crimes for which he was not charged, such as forging Edwards' checks and using Edwards' credit cards subsequent to the murder. There is no dispute that Cameron committed these crimes. They were logically connected to the murder and tended to establish Cameron's motive, malice, and bent of mind. The trial court properly allowed this testimony. *Davis v. State*, 255 Ga. 598, 606 (10) (340 SE2d 869) (1986).

8. Cameron alleges that the evidence was insufficient for the trial court to charge the jury on flight or similar acts. The evidence showed that Cameron gave a false story to the park ranger about the shooting; left the scene of the crime; took Edwards' car; and assumed Edwards' identity. There was no error.

9. Cameron asserts that the trial court erred in admitting his pretrial statements into evidence because they were given under hope of benefit from the police, and thus were involuntary. The trial court's findings that the statements were given voluntarily are supported by evidence in the record, and are not clearly erroneous. *Berry v. State*, 254 Ga. 101, 103 (1) (326 SE2d 748) (1985).

*Judgment affirmed. All the Justices concur.*

BELL, Justice, concurring.

I fully concur in the opinion of this court. I write this concurrence to note that I would abolish the jury instruction on flight in criminal cases. The charge serves no real purpose, as it is a particularization of the general charge on circumstantial evidence, and as the state is free to use circumstantial evidence of flight to argue the defendant's guilt. For instance, here, the state could have argued to the jury that it could infer Cameron's guilt from the evidence that Cameron left the scene of the crime in the victim's car and assumed the victim's identity. Moreover, the charge inevitably carries with it the potential of being interpreted by the jury as an intimation of opinion by the court that there is evidence of flight and that the circumstances of flight imply the guilt of the defendant; this is especially

true since the trial court does not give specific charges on other circumstances from which guilt or innocence may be inferred.

In my experience as a trial and appellate judge I have found most jury instructions to be overlong and abstruse. We should shorten criminal charges by eliminating the instruction on flight which, while it may be technically correct, is nevertheless unnecessary.

I am authorized to state that Justice Weltner and Justice Hunt join in this concurrence.

DECIDED JULY 11, 1986 —
RECONSIDERATION DENIED JULY 30, 1986.

*Allen R. Hirons,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nicolette S. Templer, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.