## 72259. WILLIAMS v. THE STATE.
(350 SE2d 768)

BEASLEY, Judge.

Defendant was convicted by a jury of three counts of armed robbery (OCGA § 16-8-41), one count of criminal attempted armed robbery (OCGA § 16-8-41), and one count of aggravated assault upon a peace officer (OCGA § 16-5-21 (c)). His motion for new trial was denied, and he appeals, his sole enumeration being a *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), challenge to the jury charges.

1. In instructing the jury on intent, the court stated: "I further charge you that the intent to commit the crime charged in the indictment is an essential element that the State must prove beyond a reasonable doubt. Intent is always a question for the jury, and is ordinarily ascertained by acts and conduct. Intent may be shown in many ways, provided the jury finds that it existed from the evidence produced for them. It may be inferred from the proven circumstances or by acts and conduct, or *it may be presumed when it is a natural and necessary consequence of the act.*" Upon objection and request to recharge by defense counsel, the court recharged the jury, "I charge you, members of the jury, that *a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.*" Defense counsel reserved objection to the charge for appeal. On appeal defendant alleges that both the initial instruction on intent and the recharge were impermissibly burden-shifting.

The charges denounced in *Francis v. Franklin*, supra, 85 LE2d at 350, were (1) that "[t]he acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted"; and (2) that "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." The Supreme Court concluded that a reasonable juror might view these

charges as creating a mandatory presumption which relieved the state of its burden of proof with respect to criminal intent, in that "[t]he jurors 'were not told that they had a choice, or that they *might* infer that conclusion; they were told only that the law presumed it.' " (Emphasis in original.) Id. 85 LE2d, at 354-355. Although acknowledging that the instructed presumption was not irrebuttable or conclusive, as it was in *Sandstrom v. Montana*, 442 U. S. 510, 513 (99 SC 2450, 61 LE2d 39) (1979), it was nonetheless unconstitutional because it "relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." Id. 85 LE2d, at 355.

Although the word "presumed" should not be used, we find no *Francis v. Franklin* violation in the court's initial instruction on intent. It was couched in permissive rather than mandatory language ("[intent] *may* be inferred . . . or it *may* be presumed"), and "could not reasonably be understood as creating a mandatory presumption with regard to criminal intent. 'A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.' *Francis v. Franklin*, supra, 85 LE2d at 353-354." *Heard v. State*, 175 Ga. App. 793, 794 (334 SE2d 374) (1985). Accord *Flynn v. State*, 255 Ga. 415, 416 (2b) (339 SE2d 259) (1986).

The court's re-charge, however, was identical to that condemned in *Francis v. Franklin*, supra, and therefore "created an unconstitutional burden-shifting presumption with respect to the element of intent." *Boswell v. State*, 176 Ga. App. 855 (1) (338 SE2d 62) (1985), citing *Francis v. Franklin*, supra. Even though this latter mandatory presumption charge contradicted the earlier permissive presumption charge, a reasonable juror could easily have resolved the contradiction by choosing to abide by the mandatory presumption and ignore the prior instruction, particularly here where the jury had been called back for an attempted clarification by re-charge. "Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity." *Williams v. Kemp*, 255 Ga. 380, 386 (338 SE2d 669) (1986), citing *Francis v. Franklin*, supra.

The question now is whether the error in charging the jury is harmless under the facts of this case.

In *Williams v. Kemp*, supra at 384, the court stated that the United States Supreme Court in *Connecticut v. Johnson*, 460 U. S. 73 (103 SC 969, 74 LE2d 823) (1983), had alluded to the following situations where harmless error in a burden-shifting "*Sandstrom*" charge could be found: "If the erroneous instruction was given in connection with an offense for which the defendant was acquitted; if the

instruction had no bearing on the offense for which the defendant was convicted; if the defendant conceded the issue, as by admitting the act and pleading insanity or self-defense (see *Parker v. Pace*, 254 Ga. 634 (2) (331 SE2d 546) (1985); *Krzeminski v. Perini*, 614 F2d 121, 125 (6th Cir. 1980)); or, if the defendant pleaded alibi."

*White v. State*, 255 Ga. 731, 733 (342 SE2d 304) (1986), discussed "those 'rare situations in which the reviewing court can be confident that a *Sandstrom* error did not play any role in the jury's verdict.' 460 U. S. at 87." "Among the categories of such situations the court listed a case in which 'the defendant conceded the issue of intent.' 460 U. S. at 87. 'In presenting a defense such as alibi, insanity, or self-defense, a defendant may in some cases admit that the act alleged by the prosecution was intentional, thereby sufficiently reducing the likelihood that the jury applied the erroneous instruction as to permit the appellate court to consider the error harmless." 255 Ga. at 732. (Emphasis omitted.) The court went on to conclude that the erroneous charge was harmless because White's defense was self-defense and thus he had not denied the intent to inflict injury.

In the present case defendant's defense was alibi and misidentification, and in the alternative, insanity. As these defenses did not put into issue criminal intent, the court's error in instruction was harmless. *Wilson v. Zant*, 249 Ga. 373, 383 (3) (290 SE2d 442) (1982); *White v. State*, supra. See also *Krzeminski v. Perini*, supra at 125. Cf. *Francis v. Franklin*, supra, where the sole defense was lack of intent/accident. See *Rose v. Clark*, __ U. S. __ (106 SC 3101, __ LE2d __) (1986); see also *Lewis v. State*, 180 Ga. App. 890 (351 SE2d 100) (1986).

2. It appears that defendant is also challenging on the same grounds the court's charge that "every person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each element of the crime is proved beyond a reasonable doubt. The Defendant enters upon the trial with the presumption of innocence in his favor, which remains with him throughout the trial of the case and entitles him to an acquittal unless the State overcomes this presumption by the introduction of evidence which convinces you of his guilt to a moral and reasonable certainty and beyond a reasonable doubt." This charge clearly placed the burden of proof *upon the state*, as mandated by the Fourteenth Amendment Due Process Clause. *In re Winship*, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368) (1970). It did not impermissibly place the burden on defendant.[1]

---

[1] We note that the inclusion of "[t]hese general instructions as to the prosecution's burden and the defendant's presumption of innocence do not dissipate the error in the challenged portion of the instructions [regarding intent]." *Francis v. Franklin*, supra, 85 LE2d at 357. Nonetheless the error, as explained above, is harmless.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1986 —
REHEARING DENIED OCTOBER 21, 1986

*Stephen H. Harris*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Virginia A. Erskine, Assistant District Attorneys*, for appellee.