## 74469. FREEMAN v. THE STATE.
(358 SE2d 623)

BANKE, Presiding Judge.

Freeman appeals his convictions of driving under the influence of alcohol and speeding. *Held*:

1. Appellant asserts that the trial court's charge on the issue of

intent was unconstitutionally burden-shifting, in violation of *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985). The challenged portion of the charge was as follows: "[E]very person *may* be presumed to be of sound mind and discretion, but this presumption may be rebutted. I charge you that you *may* infer, if you wish to do so, that the acts of a person of sound mind and discretion are the product of his will and that the person of sound mind and discretion intends the natural and probable consequences of his act. Whether or not you make such an inference or inferences is a matter solely within the discretion of you members of the jury." (Emphasis supplied.)

In *Francis v. Franklin*, supra, the Supreme Court denounced as violative of due process, language which a reasonable juror could have understood as creating a mandatory presumption which shifted to the defendant the burden of persuasion on the element of intent. The jury in *Francis v. Franklin* was instructed that, although such presumptions are rebuttable, " 'acts of a person of sound mind and discretion *are presumed* to be the product of the person's will,' and . . . [such] person '*is presumed* to intend the natural and probable consequences of his acts.' " Id. 85 LE2d at 354. (Emphasis in original.) In contrast, the language of the present charge was couched in terms of permissible inferences. The jurors were told merely that they were entitled to make certain presumptions or draw certain inferences from the evidence, not that the law required them to do so. Compare *Sandstrom v. Montana*, 442 U. S. 510, 515 (99 SC 2450, 61 LE2d 39) (1979). Although this court has specifically criticized any use of the word "presumed" in such a jury instruction (see *Williams v. State*, 180 Ga. App. 893, 894 (350 SE2d 768) (1986)), we nevertheless, conclude that the present charge, being couched entirely in permissive rather than mandatory language, complied with the requirements of *Francis v. Franklin*, supra, and was not violative of the Due Process Clause. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Id. at 353-354.

2. Appellant further contends that the trial court improperly commented on the evidence when it charged that "a legal presumption of intoxication exists if you find the chemical analysis shows defendant's breath, urine, or blood contained .11 percent of alcohol." We disagree.

OCGA § 17-8-57 prohibits the trial judge in a criminal case from expressing or intimating his opinion as to what has or has not been proved. "The statute is violated when the court ' "assumes certain things as facts . . . and intimate[s] to the jury what the judge believes the evidence to be." ' " *Sweat v. State*, 173 Ga. App. 441 (326 SE2d 809) (1985), citing *Mitchell v. State*, 190 Ga. 571, 572 (3) (9 SE2d 892) (1940). The challenged portion of the jury charge did not inti-

mate any conclusion on the part of the trial court regarding what the evidence had shown with respect to the alcohol content of the defendant's blood at the time of his arrest. Compare *Sweat*, supra. We do not reach the question of whether the charge may have been erroneous for some other reason, as no such argument is before this court.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED MAY 26, 1987 —
REHEARING DENIED JUNE 9, 1987 —

*Harvey A. Monroe*, for appellant.
*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellee.