## 45443. MOORE v. THE STATE.
### (366 SE2d 686)

Gregory, Justice.

The defendant, Ulysses T. Moore, was convicted of the malice murder of Phillip Marks and sentenced to life imprisonment.[1] The defendant pled guilty to theft by taking and was sentenced to serve 20 years, concurrent to the life sentence.

The following statement of facts is taken from the defendant's testimony at trial. The defendant testified that he had not known the victim prior to the day of the victim's death. The victim stopped the defendant on the street and offered him $40 to engage in homosexual acts with him. The defendant testified that he agreed because he needed money to buy cocaine. They drove to a liquor store where the victim attempted unsuccessfully to cash a check. The victim promised the defendant he would be able to obtain the money from a friend, and they drove on to the victim's house where they engaged in sex. Later, the defendant injected himself with a hypodermic syringe of cocaine he had brought with him while the victim telephoned various persons trying to obtain the money. The defendant testified he became angry because he believed the victim did not intend to pay him.

---

[1] The defendant was convicted on August 26, 1987 and sentenced that same day. His motion for new trial was filed on September 23, 1987 and denied on December 21, 1987. The appeal was docketed in this court on February 1, 1988, and submitted to us on briefs on March 18, 1988.

He began calling the victim names and "demanded" his money. The defendant testified the victim also became angry. The defendant stated the victim picked up a clothes iron and hit the defendant in the head with it, leaving a gash across his forehead which required medical treatment. The two men struggled. The defendant testified numerous pieces of furniture including a glass top table were broken during the fight. The defendant stated that during the struggle the victim hit him with the base of a brass lamp. The defendant then testified, "I had grabbed the iron from him and twisted [the cord] around his neck to try to stop him, because, you know, the fight was a bad fight . . . I was mad because of . . . him hitting me and not paying me." The defendant testified the victim fell to the floor and that he "choked" the victim with the cord for "two or three minutes." He then changed into some of the victim's clothes. He testified that the victim was not moving at this time, but that he was "still mad," so he placed a pillow over the victim's face and put a stereo speaker on top of it. Then he took a camera, two television sets and a radio from the victim's home and loaded them into the trunk of the victim's car which he drove away. He testified he later stole a license plate which he put on the victim's car. He spent a few days with a friend, then drove the car to Chattanooga, Tennessee. An arrest there for a traffic violation led to his arrest on the murder charge before us. The defendant testified that he was acting in self-defense when he fought with the victim, and that he took the victim's property because "the whole deal was for the money."

The medical examiner testified that the victim was found with an iron cord wrapped around his neck. A brass lamp was next to the victim's head and its cord was intertwined with that of the iron. The medical examiner testified that the victim suffered at least twelve separate blunt force injuries to the head and face. His opinion was that the cause of death was due to a combination of multiple blunt force injuries to the victim's head which resulted in "hemorrhage over virtually all aspects of the brain," and asphyxia due to ligature strangulation. He testified that in his opinion both the brass lamp and the iron were used to strike the victim.

1. The defendant argues the evidence does not support the verdict of malice murder. We hold that a rational trier of fact could have determined beyond a reasonable doubt that the defendant is guilty of the malice murder of Phillip Marks. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over the defendant's objection the trial court gave the pattern jury charge on the issue of flight. The defendant complains that the charge was unnecessary as there was no issue as to who inflicted the fatal wounds in this case, and the charge could only have confused the jury. We do not agree.

While the defendant admitted he inflicted the fatal wounds, he contended he acted in self-defense. The state contended he acted from malice. Evidence of flight bears on this issue. "There was ample evidence to support the charge on flight. [The defendant] did not remain at the scene of the killing, and this is circumstantial evidence of [his] guilt. The charge given on flight was not error." *Wilson v. State*, 257 Ga. 444, 447 (359 SE2d 891) (1987). Compare *Cameron v. State*, 256 Ga. 225 (345 SE2d 575) (1986) (Bell, J., concurring).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1988.

Carl P. Greenberg, for appellant.

Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.