## 75905. PLESS v. THE STATE.
(371 SE2d 406)

BENHAM, Judge.

Appellant was convicted of trafficking in and selling cocaine; possessing less than one ounce of marijuana; and possessing a firearm during the commission of a felony. On appeal his several enumerations of error concern the content of the trial court's charge to the jury on entrapment.

The trial court instructed the jury: "If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If the conduct of the officer is such as not to induce an innocent person to commit a crime, but to secure evidence upon which a guilty person can be brought to justice, then there is no entrapment." This charge was found to be "a correct statement of the applicable law" in *Keaton v. State*, 253 Ga. 70, 71, fn. 1 (316 SE2d 452) (1984).

1. Appellant maintains that the charge was not adjusted to the evidence since there was no evidence that the officer had "reason to believe that the law [was] being violated." It is undisputed that the officer, acting in an undercover capacity, met appellant during a visit to appellant's place of employment and that the officer and appellant there had a conversation about the availability of cocaine. While the officer testified at the hearing on appellant's motion to suppress that he had approached appellant based on information he had received from a confidential informant, the officer did not explain at trial why he had approached appellant. Thus, appellant is correct in his assertion that the charge given was not adjusted to reflect the evidence presented. However, why an officer approached a certain person is irrelevant to the presentation of an entrapment defense wherein it must be proved that the idea for the commission of the crime originated with the law enforcement officer or agent; that the crime was induced by the officer's or agent's undue persuasion, incitement, or deceit; and that the defendant was not predisposed to commit the crime. *Keaton v. State*, supra at 72; OCGA § 16-3-25. Due to the irrelevancy of the offensive language, it was not reversible error to include that phrase in the jury charge. Harm, in addition to error, must be shown to warrant a reversal.

2. Appellant contends that the inclusion of the portion of the charge for which there is no evidentiary support "necessarily suggests" that appellant was predisposed to commit the crime charged.

We disagree. The charge states that "*if* an officer . . . has reason to believe the law is being violated, he may proceed. . . ." Contrary to appellant's assertion, the conditional statement did not mandate the conclusion that the officer had reason to believe a crime was being committed and that the officer's reasoning was based on the fact that he knew appellant had committed this crime in the past.

3. Appellant also contends that the inclusion of the conditional language which was without evidentiary support amounted to an impermissible judicial expression of opinion as to what had been proved. See OCGA § 17-8-57. However, the court's instruction did not assume the truth of the fact stated therein (compare *Sweat v. State*, 173 Ga. App. 441 (326 SE2d 809) (1985)), and did not intimate to the jury any conclusion of the trial court regarding what the evidence had shown. *Freeman v. State*, 183 Ga. App. 264 (2) (358 SE2d 623) (1987). Giving the charge did not violate OCGA § 17-8-57.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1988 —
REHEARING DENIED JULY 11, 1988 —

*Larry Cohran*, for appellant.
*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Assistant District Attorney*, for appellee.