A89A2246. OGLESBY v. THE STATE.
(390 SE2d 630)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of selling cocaine. He appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in failing to require the State to disclose exculpatory material pursuant to defendant's *Brady* motion. Specifically, defendant asserts the State should have been required to produce a tape recording of a conversation between defendant and the State's primary witness (who purchased cocaine from defendant). This enumeration of error is without merit because the tape recording does not exist. (Although the State's primary witness wore a transmitter when she purchased cocaine from defendant on one of two occasions, her conversation with defendant was not recorded.) The State cannot be required to produce what it does not have.

2. Defendant's second enumeration of error, that the trial court erred in failing to require the State to reveal the deal it made with the State's primary witness, is likewise without merit. The State fully disclosed the extent of its dealings with the State's primary witness and defendant made good use of that information at trial.

3. The trial court did not err in finding that the chain of custody of the contraband was intact. "[I]t is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. [Cits.]" *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). There is no merit in the third enumeration of error.

4. In his fourth enumeration of error, defendant asserts the trial court erred in failing to quash the indictment. In this regard, defendant points out that according to the indictment, he sold cocaine on June 17, 1988, but according to the arrest warrant affidavit he was

alleged to have sold cocaine on June 16, 1988. We find no error.

The evidence introduced at trial demonstrated that defendant sold cocaine on June 17, 1988, as alleged in the indictment. Regarding the discrepancy, the officer who applied for the arrest warrant testified that the wrong date was mistakenly put on the arrest warrant affidavit. The resulting conflict in the evidence was a matter for the jury to resolve. See *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634).

Defendant was definitely informed of the charge against him via the indictment and he was able to present his defense to the indictment. It cannot be said, therefore, that the indictment should have been quashed. See generally *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801).

5. Defendant made an extraordinary motion for new trial based on the alleged discovery of new evidence. In this regard, he alleged that after the trial he learned that defendant's father was solicited for an act of sodomy by the State's primary witness. He also alleged that during cross-examination of the State's primary witness he learned the name of another person, James Harris, who was present when the second sale took place and that Harris would testify there was no such sale.

In an affidavit attached to the motion, Harris deposed that on a Friday night (the date and time were not specified) he was with the State's primary witness at a certain location when defendant drove by and that he did not observe defendant sell cocaine to the State's primary witness. The trial court denied the motion and defendant assigns error upon that ruling.

"In the case of *Berry v. State*, 10 Ga. 511, [512, 513], it was held that it is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and [6] that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Burge v. State*, 133 Ga. 431, 432 (66 SE 243).

"Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. [Cit.]" *Van Scoik v. State*, 142 Ga. App. 341 (235 SE2d 765). We cannot say the trial court abused its discretion in denying defendant's extraordinary motion for new trial. The evidence that the State's primary witness solicited defendant's father is merely impeaching. And it cannot be

said James Harris' testimony would probably produce a different verdict since Harris does not specify the date or time of the occurrence which he witnessed. Moreover, a review of the trial transcript demonstrates that the identity of James Harris was known to the defense when the State's primary witness was questioned by the defense before the trial even began, and yet, no steps were taken to procure Harris' testimony for trial. The defense's showing as to due diligence in this regard cannot be deemed satisfactory.

6. The trial court charged the jury that only physicians, dentists, veterinarians, or pharmacists are authorized to prescribe, dispense and distribute controlled substances, adding that an individual like defendant is not so authorized. This charge was not erroneous because no issue was raised regarding defendant's qualification to distribute controlled substances. *Bloodworth v. State*, 129 Ga. App. 40 (1) (198 SE2d 341); *Green v. State*, 129 Ga. App. 27, 28 (2) (198 SE2d 343).

7. The trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 2, 1990.

*Hurl R. Taylor, Jr.*, for appellant.
*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney*, for appellee.