## A90A1414. DEARMORE v. THE STATE.
(397 SE2d 200)

BIRDSONG, Judge.

Victor Timothy Dearmore appeals his conviction for burglary on Count II of the indictment; he was found not guilty of burglary on Count I.

Count II pertinently avers appellant did on August 1, 1987, "unlawfully enter, without authority, the building of another, to-wit: Gene Ragan, doing business as Ragan Insurance Agency, the same being a place where valuable goods were contained, with intent then and there to commit a theft."

Witnesses testified that some unknown person had forcibly entered the Ragan Insurance Agency and had stolen a privately-owned television set therefrom. An alleged accomplice as to Count I testified that after the commission of that subsequent burglary, appellant importuned him to burglarize the Ragan Insurance Agency; and, in the course of such conversation, appellant stated he had gone in there before and had taken money. Appellant did not tell the accomplice that he had previously taken anything from the agency other than money. In response to the question "[d]id [appellant] ever discuss anything like this with you before?" the accomplice testified, "[b]reaking in Ragan's Insurance."

Appellant subsequently consented to a search of his premises 75 days after the burglary of the insurance agency, and the stolen television was found in plain view in his home. Appellant was living less than 50 feet from the insurance agency at the time of its burglary. The Chief of Police also testified, without timely objection, that the insurance agency had been broken into earlier and cash taken; however, no cash was found during the search of appellant's premises. *Held*:

1. Contrary to the assertions of appellant, this is not a case where the sole evidence of guilt rests upon the inference that may be drawn from the recent possession of stolen goods. Compare *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) with *Chaney v. State*, 169 Ga. App. 616 (1) (314 SE2d 457). For example, the alleged accomplice in this case gave testimony concerning a pretrial statement appellant made wherein the latter admitted he had entered the insurance agency previously and had taken money therefrom. This testimony was admissible as an incriminating admission by appellant (see generally *Norrell v. State*, 116 Ga. App. 479, 486 (2) (157 SE2d 784)), and the fact appellant mentioned only that he had taken money from the agency and made no mention of having taken a television set merely goes to the weight and not the admissibility of the admission.

On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presump-

tion of innocence; moreover on appeal, this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the burglary offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Further, our review does not reveal the existence of any reversible errors of law. See, e.g., Divisions 2, 3 and 4, below. Appellant's enumerations of error 1, 2, and 3 are without merit.

2. Appellant asserts that the trial court's charge to the jury on the element of intent was improper and violated appellant's rights under the due process clause and Fourteenth Amendment.

Following the charge to the jury, appellant's counsel took a specific exception only to the charge concerning recent possession of stolen property. No request for additional instructions was tendered by appellant, nor did appellant take an exception to the court's charge that: "Our law says that every person is presumed to be of sound mind and discretion, but this is a presumption which may be rebutted. You may infer, if you wish to do so, that the acts of a person of sound mind and discretion are the products of his will, and you may infer, if you wish to do so, that a person of sound mind and discretion intends the natural and probable consequences of his act. Now, whether you make any such inferences is a matter solely within the discretion of you, the jury. . . . [I]ntent is an essential element of any. crime and must be proved by the State beyond a reasonable doubt. . . ." The court previously had instructed the jury that, "[t]here is no burden of proof upon the defendant and the burden never shifts to the defendant to prove his innocence."

When asked by the trial court if he had any exceptions to the charge, an appellant either must state his objections or reserve his right to object on motion for new trial or on appeal; he cannot do both. *Pruitt v. State*, 258 Ga. 583, 590 (14) (373 SE2d 192). Appellant neither reserved his right to object, within the meaning of *Pruitt*, supra, nor did he take any specific exception to this charge when the trial court inquired whether he had any objections thereto. As appellant elected not to reserve his objections to the charges, any asserted errors as to charges were waived which were not raised timely when

the trial court asked for objections. See *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531).

Further, the charge relating to the presumption of sanity did not impermissibly shift the burden of proof to appellant. *Parker v. State*, 256 Ga. 363 (1) (349 SE2d 379); *Flynn v. State*, 255 Ga. 415 (2) (b) (339 SE2d 259). Taken as a whole, the charge as rendered was not unconstitutionally burden-shifting and did not violate the due process clause. *Freeman v. State*, 183 Ga. App. 264 (1) (358 SE2d 623); see *Parker*, supra; see also *Dill v. State*, 254 Ga. 17 (1) (325 SE2d 765). Moreover, viewing the charges as a whole (see generally *Byrd v. Hopper*, 234 Ga. 248, 251 (215 SE2d 251)), we are satisfied that a reasonable juror could *not* have interpreted the instruction as an irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption.

The charge in this case is distinguishable from that found erroneous in *Williams v. Kemp*, 255 Ga. 380, 388 (338 SE2d 669) (charge error was harmless), citing and discussing *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344); *Connecticut v. Johnson*, 460 U. S. 73 (103 SC 969, 74 LE2d 823), and *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). Appellant's other assertions of error concerning this charge are without merit.

3. Appellant asserts that the rule permitting the inference that the defendant is guilty of burglary because he has been found to have stolen goods in his possession violates his rights against self-incrimination secured to him by the Fifth and Fourteenth Amendments to the United States Constitution, and by Art. I, Sec. I, Par. XVI of the Georgia Constitution. Compare *Barnes v. United States*, 412 U. S. 837, 846 (93 SC 2357, 37 LE2d 380).

Following the charge to the jury, the trial court inquired whether the parties had any objections thereto. Appellant did not reserve his right to object to the charges, but proceeded to make the following specific objection to the recent possession of stolen goods charge: "[F]or the record, I will except to that, because . . . it might *mislead* [the jury] into thinking that the mere possession is, as a matter of law, enough to support an inference of breaking in." (Emphasis supplied.)

As appellant elected not to reserve his objections to the charges, any asserted errors as to charges which were not raised specifically when the trial court asked if there were any objections to the charges are waived. *Pruitt*, supra; *Wright*, supra; see Division 2, above. Accordingly, the error asserted by appellant in his fifth enumeration of error, as to this charge, has been waived.

4. Appellant asserts that the trial court's instructions to the jury with regard to the inference of guilt from recent possession were insufficient, incomplete, confusing and incorrect as a matter of law.

The court charged the jury as follows: "[I]f you should find beyond a reasonable doubt that the crime . . . has been committed, as charged in the second count of this indictment, and certain personal property as set forth in Count 2 was stolen as the result of such crime — it wasn't set forth in Count 2 but Count 2 — there has been evidence with respect to Count 2 that there was certain property stolen. And if *recently* thereafter the defendant should be found in possession of the stolen property, that would be a circumstance, *along with all the other evidence*, from which the jury may infer guilt as to the charge of burglary as set forth in Count 2 of the indictment, if you see fit to do so." (Emphasis supplied.)

The issue whether the possession was recent was a question of fact for the jury, notwithstanding that 75 days elapsed from the burglary to the finding of the television in appellant's possession. Compare *Rogers v. State*, 185 Ga. App. 211 (1) (363 SE2d 846) (about 52 days) and *Brown v. State*, 157 Ga. App. 473 (278 SE2d 31); see also Daniel, Ga. Crim. Trial Prac. (1989 ed.), Presenting State's Case, § 20-8. The instruction on its four corners is couched in terms of a permissive inference, within the meaning of *Isaacs v. State*, 259 Ga. 717 (386 SE2d 316); and it adequately and clearly placed the issue of *recent* possession with the jury.

We note that this charge makes no express reference to the requirement that to give rise to the permissible inference the possession must be unexplained or that the inference is rebuttable. See, e.g., *Williamson v. State*, 248 Ga. 47, 49 (281 SE2d 512).

Regarding the omission in the charge to any reference of "unexplained" possession, we find that the trial court properly tailored the charge to address those issues reasonably raised by the evidence. Review of the record reveals that appellant elected, as is his right, not to testify in his own behalf and to rest his case without calling any witnesses. Accordingly, any evidence existing in this case is to be found during the presentation of the State's case and the cross-examination of the State's witnesses by appellant's counsel. Examining the transcript in toto, we find there exists no evidence which tends to explain appellant's possession of the stolen property. In such circumstances, although the trial court had the discretion to include within its charge a correct reference to the law relating to the unexplained possession of stolen property (see generally *Thomas v. State*, 237 Ga. 690, 692 (229 SE2d 458)), it was not obligated to do so sua sponte (*Dollar v. State*, 149 Ga. App. 97, 98 (2) (253 SE2d 461)). Further, "[a]s the phrase 'unexplained possession' would have properly instructed the jury that defendant must offer some explanation to rebut the inference [cit.], and as the defendant did not offer an explanation, the charge actually benefited the defendant by not pointing out the defendant's failure to offer an explanation." *Dollar*, supra. Moreover, as

a general rule instructions even though abstractly correct should not be given unless authorized by the evidence. *Rozier v. State*, 259 Ga. 399 (4) (383 SE2d 113).

Appellant, however, in essence asserts that the mere passage of time, in this instance 75 days from the date of the burglary to the date appellant was found to be in possession of stolen property, did, per se, give rise to the proffer of an explanation, thereby necessitating an instruction on the legal principle of "unexplained possession." " 'The nearer the possession to the time of the larceny, the stronger will be the inference of guilt. . . .' " *Chubbs v. State*, 204 Ga. 762, 764 (51 SE2d 851). Conversely, "[t]he longer the period of time since the theft, the more doubtful becomes the *inference* which may reasonably be drawn from unexplained possession." (Emphasis supplied.) *United States v. Redd*, 438 F2d 335, 336 (9th Cir.), cert. den., 402 U. S. 977. The lapse of time clearly was relevant as to the issue of whether the possession was recent at all and, if so, the weight, if any, to be accorded the *permissible inference*, if any; but standing alone it is, at best, a neutral factor as to the issue of "unexplained possession." Mere lapse of time does not necessitate a trial court to sua sponte instruct on "unexplained possession," particularly in view of the obvious detrimental effect such an instruction could have upon a defendant who exercised his rights not to present evidence in his own behalf at trial. Accordingly, we are satisfied that in the absence of a timely written request for such an instruction it was not error to omit it. Cf. *Bass v. State*, 237 Ga. 710 (2) (229 SE2d 448).

Examining the charge to the jury in its entirety (*Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177)), we find that the permissible inference instruction to the jury on the issue of recent possession of stolen goods was adequately tailored to the case, was a correct statement of law, and was not misleading. Appellant's assertions in support of this enumeration of error are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 12, 1990.

*Michael P. Katz*, for appellant.
*Douglas C. Pullen, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.

