A95A1094. SLAUGHTER v. THE STATE.
(459 SE2d 168)

BIRDSONG, Presiding Judge.

Darrell P. Slaughter appeals his conviction of violating the Georgia Controlled Substances Act by sale of marijuana and enumerates three errors. *Held:*

1. Appellant contends the verdict of guilty was contrary to the evidence produced at trial.

(a) On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In this case "the jury was authorized to and did reject the alibi evidence" presented by appellant in light of the eyewitness and in-court identification testimony of Investigator Cunningham and other State's evidence of record. *Gray v. State,* 213 Ga. App. 507, 509 (1) (445 SE2d 328). Appellant's enumeration based on a claim of insufficiency of evidence is without merit.

(b) Appellant argues, inter alia, that the in-court identification of appellant by Investigator Cunningham was tainted and therefore inadmissible. "This assertion is beyond the reasonable scope of appellant's enumeration of error; an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration." *Krebsbach v. State,* 209 Ga. App. 474, 475 (2) (433 SE2d 649). Moreover, appellant posed no objection at trial to the in-court identification testimony of the investigator. For each of these reasons, the issue of tainted identification has not been preserved for appellate review. Id.; see *Ray v. State,* 187 Ga. App. 451, 452 (370 SE2d 629).

2. (a) Appellant asserts that, because no evidence was produced at trial to show appellant was one of those classes of people, it was error to charge: "I further charge you that only certain persons such as physicians, dentists, veterinarians or pharmacists are authorized to prescribe, sell and dispense controlled substances. An individual, such as the defendant on trial, is not authorized to sell or dispense any controlled substance." Appellant made admissions in judicio in open court that he worked loading cabbage trucks at the Williams' farm; during October he went to North Carolina to start a new life, remaining there for one week; and upon returning home, he got his job back loading the trucks. Appellant's sister testified he worked six days a week outside the city limits for the Ray Gene Produce Company. Thus, uncontroverted evidence of record established that appellant was not employed as a physician, dentist, veterinarian or pharmacist. Accordingly, appellant's enumeration as crafted is without merit. Additionally this charge was not erroneous as no issue was raised at trial regarding defendant's qualification to distribute controlled sub-

stances. *Oglesby v. State*, 194 Ga. App. 383, 385 (6) (390 SE2d 630) and cases cited therein.

(b) Appellant also contends, citing *Sweat v. State*, 173 Ga. App. 441 (326 SE2d 809), the giving of this charge was error as it constituted an expression of opinion by the trial court " 'as to what has or has not been proved or as to the guilt of the accused.' " Id. This asserted error is without merit on two grounds. First, as this specific error was not reasonably included within the scope of appellant's enumeration of errors, it was not preserved on appeal. *Krebsbach*, supra. Secondly, *Sweat*, supra, is distinguishable; this issue is controlled adversely to appellant's contention by the holding of this court in *Jackson v. State*, 205 Ga. App. 452 (1) (422 SE2d 304).

3. Appellant asserts the trial court erred in charging: "Now you are only concerned with the guilt or innocence of this defendant. You are not to concern yourselves with anything concerning penalty or punishment." Specifically, appellant claims that, by this charge, the trial court abandoned its position of neutrality and impartiality by indicating to the jury that penalty or punishment should follow their verdict. Jury instructions must be read and considered in their entirety in determining whether a particular charge therein contains reversible error. *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281), citing *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). The jury was instructed immediately preceding the language of the charge at issue, that: "Now, you are only concerned with the guilt or innocence of this defendant." The jury also was instructed that it was to base its verdict "upon the sworn testimony and evidence introduced and admitted for your consideration." Examining not only these charges but the instructions in their entirety, we find that the trial court did not abandon its position of neutrality and impartiality as contended by appellant. This enumeration is without merit. See *Padgett v. State*, 205 Ga. App. 576, 577 (1) (423 SE2d 411).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 17, 1995.

*Rodney L. Allen*, for appellant.

*H. Lamar Cole*, District Attorney, *A. Scott Gunn*, Assistant District Attorney, for appellee.