## A02A0481. VILLEGAS v. THE STATE.
### (558 SE2d 808)

ELDRIDGE, Judge.

A Cherokee County jury found Jose Villegas guilty of trafficking in cocaine. Without challenging the sufficiency of the evidence against him, Villegas appeals and contends that a post-arrest photo-

---

[8] *West,* supra.

graph improperly impacted on his entrapment defense and that the trial court's charge to the jury on entrapment was improper. Because Villegas' contentions are meritless, we affirm.

1. Villegas, along with his two co-defendants, was photographed on the scene at the time of arrest. The State introduced all three photographs in order to demonstrate the defendants' appearance at the time of arrest and to clarify the arresting officer's testimony distinguishing between the defendants. Villegas objected to the introduction of his photograph, claiming "this picture improperly places the Defendant's character into evidence. He's obviously under arrest, and it adds nothing to the case." Before this Court, however, Villegas contends that, even if the photograph was relevant to an issue in the case, it prejudiced his entrapment defense by making him "look to the jury like an individual who is predisposed to commit the crime in question."

In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. "The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting."[1] Villegas' allegation about the photograph's impact on his entrapment defense was not raised at trial and thus is waived.[2]

2. Appellant complains about that portion of the trial court's charge wherein the jury was instructed, "if the conduct of the officer is such as not to induce an innocent person to commit a crime but to secure evidence upon which a guilty person can be brought to justice there is no entrapment."

The trial court asked for exceptions at the conclusion of the charge. Villegas' attorney disclaimed any objection except the specific objections "noted so far" and did not reserve his right to assert additional objections on motion for new trial or on appeal. A review of Villegas' specific objections show that he did not object to the entrapment charge on the basis now claimed. "[D]efense counsel may object to such portions of jury instructions as are perceived at trial to be error and may also reserve the right to raise additional objections on motion for new trial or on appeal."[3] In order to avoid waiver, if the trial court asks if there are objections to the charge, counsel must

---

[1] (Citation and punctuation omitted.) *Clark v. State*, 248 Ga. App. 88, 91 (3) (545 SE2d 637) (2001).

[2] We note, however, that the photographs were relevant to the officer's testimony and reflected how the defendants looked at the time of arrest. The photograph at issue did not implicate Villegas in any other crime and did not rise to the level of "general bad character" evidence so as to require reversal pursuant to OCGA § 24-9-20 (b). *Bullard v. State*, 242 Ga. App. 843, 847 (5) (530 SE2d 265) (2000).

[3] *McCoy v. State*, 262 Ga. 699, 701 (2) (425 SE2d 646) (1993).

state his objections and/or follow the procedure of reserving the right to object on motion for new trial or on appeal.[4] Villegas' failure to reserve the right to raise additional objections to the jury charge waives the instant claim of error.[5]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 14, 2002.

*Peter R. Hill*, for appellant.
*Garry T. Moss, District Attorney, Allen D. Morris, Assistant District Attorney*, for appellee.

---

[4] Id.; *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980).

[5] Notwithstanding, the complained-of charge is a correct statement of the law where, as here, the jury instruction as a whole adequately informed the jury of the elements of an entrapment defense. *Keaton v. State*, 253 Ga. 70, 71, n. 1 (316 SE2d 452) (1984); *Leverette v. State*, 188 Ga. App. 866, 868 (3) (374 SE2d 803) (1988). Compare *Pless v. State*, 187 Ga. App. 772 (1) (371 SE2d 406) (1988).